373 So.2d 78 (1979)
Shearund Duron KING, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1426.
District Court of Appeal of Florida, Third District.
July 24, 1979.
Bennett H. Brummer, Public Defender and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
PEARSON, Judge.
Defendant, Shearund Duron King, pled guilty to armed robbery and was sentenced in 1976 to three years imprisonment with the last two years suspended and two years probation imposed in its stead. (This sentence was illegal as a violation of Section 775.087(2), Florida Statutes (1975), which requires a mandatory three-year sentence of imprisonment for armed robbery.) After serving one year, the defendant was placed on probation. In 1978, his probation was properly revoked for subsequent sexual crimes, and he was sentenced to 30 years imprisonment on the prior armed robbery conviction.
He contends on this appeal from the denial of his motion to vacate, pursuant to Florida Rule of Criminal Procedure 3.850, that the sentence placing him on probation after one year's imprisonment was a void act and, therefore, that the revocation of his probation and subsequent imprisonment is unlawful.
We affirm the denial of the petition to vacate on the ground that the defendant has waived his right to appeal the unlawfully lenient sentence by his failure to appeal therefrom and his subsequent acceptance of probation based on the conditions imposed. The defendant's contention that the original sentence was void is not correct.[1] The trial court had the jurisdiction to sentence the defendant, and the fault that occurred was the imposition of an improper sentence under the mandate of the statute. Having fully accepted the improper sentence in the prior proceedings, the defendant may not subsequently come before the courts advocating a mutually inconsistent position. Cf., the general principle in McPhee v. State, 254 So.2d 406, 409-410 (Fla. 1st DCA 1971).
Ordinarily on an appeal from an order revoking probation, a defendant may not attack the legality of the sentence placing him on probation. See United States v. Francischine, 512 F.2d 827 (5th Cir.1975). An exception exists, however, where the *79 sentence is void. See Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977). The defendant here argues that only the probation portion of his sentence was void and, therefore, that he was never lawfully on probation. We hold that the defendant has waived his right to question the legality of a probation, which he has enjoyed and violated. Cf. Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977); and Stallings v. State, 319 So.2d 640 (Fla. 1st DCA 1975).
Affirmed.
NOTES
[1] "It has been held that such a sentence [an inadequate sentence] is not void." 21 Am.Jur.2d Criminal Law § 538 (1965).