PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised two points in the motion. In point two, he alleged that as a result of promises by the police that he would be charged only with breaking and entering with intent to commit a misdemeanor, he involuntarily and mistakenly entered a plea of guilty to the charge of breaking and entering with intent to commit grand larceny. If this allegation is true, appellant might be entitled to relief. The trial court, however, failed to conduct an evidentiary hearing or attach portions of the record that refute this allegation.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegation in point two and attach to its order those portions of the record that conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the ground alleged in point two of the motion. See Fla.R.Crim.P. 3.850. See also Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, either party aggrieved by subsequent rulings of the trial court must appeal anew.
The trial court was correct in denying appellant’s motion as to the other point raised therein. AFFIRMED in part, REVERSED in part, and REMANDED.
HOBSON, Acting C.J., and RYDER and CAMPBELL, JJ., concur.