PER CURIAM.
Pursuant to a plea agreement, appellant entered a plea of guilty to trafficking in cocaine, and the State nol prossed two counts of delivery of cannabis. At sentencing, appellant moved to withdraw her plea, contending that the plea negotiations included an agreement that the police would give her the opportunity to provide “substantial assistance” and earn the prosecutor’s recommendation of leniency. See § 893.135(3), Fla.Stat. (1981). The trial judge denied the motion and sentenced appellant to fifteen years in prison, the mandatory minimum. § 893.135(l)(b)3.
We recognize that providing substantial assistance does not mandate a reduced sentence. Rather, the statute permits this result if the prosecutor, in his discretion, recommends leniency and the judge, in his discretion, accepts the recommendation. However, appellant does not challenge the propriety of the sentence. Instead, she contends that she based her decision to plead guilty at least in part on the representation that the State would permit her to qualify for the prosecutor’s recommendation of leniency. She argues, subsequent dilatory conduct on the part of the police prevented her from fulfilling her part of the bargain, thus rendering her plea involuntary.
Appellant testified that a police officer told her that people who cooperated with him always got probation, and that this formed part of the plea agreement. She also testified that she set up drug buys on two different occasions, and that the officers, although each agreed to participate in a specific buy, simply failed to attend. The State argued against appellant’s position, but presented no evidence to rebut her assertions. For example, in its brief on appeal the State notes:
Here, the assistant state attorney never contested that there was an understanding with Appellant, but vigorously insisted that Appellant had never been serious about offering assistance to the police and for that reason he could not make any recommendation for the mitigation of her sentence.
We do not believe this argument by the State’s counsel was enough to overcome the appellant’s evidence.
Rule 3.170(f), Florida Rules of Criminal Procedure provides:
The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn ....
The unrebutted evidence showed the existence of this agreement, and breach of the agreement by the police. Appellant showed good cause to withdraw her plea, and the trial judge erred by denying her motion.
REVERSED and REMANDED.
ANSTEAD, DELL and WALDEN, JJ., concur.