PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised four points in his motion. In Point I, he alleged that he was denied effective assistance of counsel through the public defender’s failure to investigate the facts of his case. In Point II, appellant asserted that his guilty plea was involuntarily entered in response to the public defender’s coercion and failure to apprise appellant of the consequences of a plea. If these allegations are true, appellant might be entitled to relief. The trial court, however, failed to conduct an evidentiary hearing or to attach portions of the record that refute these allegations.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is entitled to no relief, or hold an evidentiary hearing and then rule on the first and second allegations raised in appellant’s motion. See Fla.R.Crim.P. 3.850. See also Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, an aggrieved party must appeal the trial court’s subsequent rulings anew.
The trial court was correct in denying appellant’s motion as to the other points raised therein. Affirmed in part, reversed in part and remanded.
BOARDMAN, A.C.J., and RYDER and DANAHY, JJ., concur.