453 So.2d 525 (1984)
Harvey Eugene CAMPBELL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 83-215.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
Kenneth J. Cotter, Cotter & Small, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from a judgment of conviction following a guilty plea to a charge of trafficking in cannabis in violation of section 893.135(1)(a), Florida Statutes (1981), and from the imposition of the three-year minimum sentence required by that statute.
Defendant contends that the State was bound to honor the agreement on which the guilty plea was based that it would move the court to mitigate defendant's sentence pursuant to section 893.135(3),[1] in return *526 for defendant's substantial assistance in making at least two drug busts with a specified minimum dollar value. When the State refused to make such motion on the ground that defendant had not rendered substantial assistance, defendant moved to enforce the agreement, or alternatively, that he be allowed to withdraw his plea. After denying relief to defendant, the trial court adjudicated him guilty and imposed the sentence. We reverse.
It is clear from the record that the drug cases the State wanted defendant to help with had nothing to do with the criminal activity for which the defendant was charged. Defendant was not asked to, nor did the plea bargain encompass any agreement to provide substantial assistance in the identification, arrest or conviction of any of his "accomplices, accessories, coconspirators, or principals" with regard to the crime for which he was charged. Instead, he was requested to become an informant with regard to crimes as yet undetected (and perhaps even uncommitted), and help the police make new cases.
However laudable and commendable that objective may be, the legislature has not given the State the right to make such a plea bargain, nor has it given the trial court the power to mitigate the three-year mandatory sentence based upon such bargain. The statutory language is clear. The court may mitigate the three-year minimum sentence only when the State represents that defendant has rendered substantial assistance in the apprehension of others involved in the very crime for which defendant is charged (his accomplices, accessories, co-conspirators, or principals). Any other interpretation of the clear language of the statute would be a judicial invasion of the prerogatives of the legislature to determine applicable sentences for given crimes.
The nature of the "substantial assistance" was not disclosed to the trial judge when the plea was accepted. The court did advise defendant, when accepting his plea, that if the State would represent to the court that defendant had rendered substantial assistance "in accordance with the statutory requirements" the minimum three-year sentence would not be imposed. Since the bargain between the State and defendant did not comport with the statute, there was no legal basis for it, and thus the plea bargain was a nullity. Defendant's motion for leave to withdraw the plea should have been granted. See, Forbert v. State, 437 So.2d 1079 (Fla. 1983); Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
The judgment of conviction and sentence are reversed and the cause is remanded with directions to vacate the plea and for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., concur.
NOTES
[1] Section 893.135(3), Florida Statutes, provides:

The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.