480 So.2d 668 (1985)
Harold Gerard NOON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1642.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
Rehearing Denied January 22, 1986.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Noon has perfected this appeal from a judgment of conviction and sentence consisting of fifteen years in prison and a twenty-five thousand dollar fine, for the offense of trafficking in four hundred grams or more of cocaine. He seeks to reverse the judgment and sentence because the trial court denied his motion to withdraw his guilty plea entered pursuant to a plea bargain that also involved an agreement with the state as provided in section 893.135(3), Florida Statutes (1983).
In conjunction with entry of his guilty plea, Noon and the state entered into a written contract in which it was agreed that, if Noon provided the state with substantial assistance in accomplishing the goals provided in the statute, "or any other substantial assistance that the Office of the State Attorney deems appropriate," the state would recommend certain mitigated sentences. A footnote to the agreement indicated that for assistance in recovering certain quantities of cocaine, methaqualones, or marijuana, Noon would receive *669 certain reduced sentences. Thereafter, Noon attempted to render the substantial assistance required by setting up several drug transactions. However, the quantities specified were not obtained, due in part to the law enforcement people failing to assist Noon after he had set up a major cocaine deal.
After two continuances of the sentencing date, when it appeared he had been unable to convince the state he had rendered substantial assistance, Noon sought to withdraw his guilty plea. In support of that motion, Noon contended he had tried to render assistance but the police would not cooperate with him. Furthermore, he claimed the agreement was one-sided  the state held all the cards and he had to play the game the state's way. After hearing all sides, the trial court refused to allow Noon to withdraw his plea and sentence was imposed.
Florida Rule of Criminal Procedure 3.170(f) provides that the court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a guilty plea to be withdrawn. We believe good cause was shown here requiring the trial court to allow withdrawal of the plea. As in the case of Waseleski v. State, 429 So.2d 77 (Fla. 4th DCA 1983), there was some evidence that the state's conduct was dilatory and helped to prevent Noon from fulfilling his part of the bargain. Furthermore, Noon was requested to become an informant with regard to crimes as yet undetected and to set up new cases for the police. The legislature has not given the state the right to enter into such a plea bargain. Section 893.135(3) provides that the state may move for mitigation of sentence for one who provides substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, coconspirators or principals. There is apparently no authority for the state to recommend mitigation for substantial assistance in regard to other criminal activity. As in Campbell v. State, 453 So.2d 525, 526 (Fla. 5th DCA 1984), "[s]ince the bargain between the State and defendant did not comport with the statute, there was no legal basis for it, and thus the plea bargain was a nullity."
Accordingly, we reverse the judgment and sentence appealed from and remand the cause with directions to allow Noon to withdraw his guilty plea, and for further proceedings.
REVERSED AND REMANDED with directions.
LETTS and WALDEN, JJ., concur.