GREEN, O.L., Jr., Associate Judge.
William Soto appeals from the trial court’s order denying his motion to withdraw his guilty plea to the charge of trafficking in over 400 grams of cocaine. We reverse.
The state and Soto engaged in a plea bargain whereby Soto agreed to render substantial assistance as provided for in section 893.135(3), Florida Statutes (1985).[1] A general discussion which ensued during the course of the plea proceeding reflects that Soto’s commitment encompassed the instant case and other criminal investigations to be conducted by a named law enforcement officer.
Soto later moved to withdraw his plea on the basis that the state had acted in bad *250 faith. The evidence was conflicting with respect to whether Soto was sufficiently aggressive in his efforts to render assistance; however, proof concerning efforts made by the state and Soto to satisfy the requirements specified in section 893.-135(3), Florida Statutes, was patently absent.
Section 893.135(3) requires that before a court may mitigate the mandatory minimum sentence, the state must represent that the defendant has rendered substantial assistance in the apprehension of others involved in the very crime for which he is charged. Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984). While this court recognizes that a defendant convicted of a violation of section 893.135 may benefit via a general reduction of sentence for assistance relating to matters outside of the particular drug charge against him, this reduction can only occur after the requirements of section 893.135(3) are met.
The state in the instant case has not shown any effort to solicit assistance from Soto with respect to the “identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals” involved in his charged crime as required by the statute. Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1985); Campbell. The state contends that Soto’s failure to provide any assistance encompasses a declination on his part to render the type of assistance specified in section 893.135(3). However, the record before us is completely void of any showing that Soto was given any reasonable opportunity to comply with the statute. Accordingly, Soto’s motion for leave to withdraw his plea should have been granted. The judgment of conviction and sentence are reversed and the cause is remanded with directions to vacate the plea and for further proceedings consistent with this opinion.
REVERSED and REMANDED.
UPCHURCH, C.J., and COWART, J., concur.

. Section 893.135(3), Florida Statutes (1985), provides:
The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.