POLEN, Judge.
Appellant seeks review of his conviction and sentence of two minimum mandatory fifteen-year concurrent terms of incarceration for trafficking and conspiracy to traffic in cocaine and delivery and possession of cocaine. Appellant contends section 893.135(4), as amended, of the Florida Drug Trafficking Laws is unconstitutional on its face and as applied to him.
We find no merit in appellant’s challenge of the constitutionality of section 893.-135(4), Florida Statutes (1987). While the provision is facially constitutional, it appears in the instant case, the appellant did not receive the benefit of the bargain contemplated by the statutory provision. Appellant pled guilty to trafficking in cocaine and conspiracy to traffic in cocaine, pursuant to a negotiated substantial performance agreement. The agreement provided that upon appellant’s completion of the terms of the agreement to the state’s satisfaction, the state would recommend a sentence below the fifteen-year minimum mandatory. While there is no question that the trial court would n<?t be bound by such a recommendation, it appears appellant was not given a reasonable opportunity to render the substantial assistance which might ultimately give rise to the state’s favorable recommendation. At the time of the entry of the plea, the state requested the court give appellant a ninety-day period, prior to imposition of sentence, in which to"perform the anticipated substantial assistance. It was further represented to the trial court that the custom of criminal division judges within the seventeenth circuit was to allow such a ninety-day time frame. Notwithstanding this, the trial court scheduled sentencing for thirty-seven days after the entry of the plea.
Appellee contends appellant’s failure to object to the thirty-seven-day time period or to immediately seek to withdraw his plea is fatal to the argument now raised on appeal. It can be presumed, however, that if the trial court was not favorably disposed to the state’s request for ninety days, it would have been futile for appellant to have objected on the same issue. While appellant could have asked the trial court to withdraw his guilty plea, he opted instead to try to get the job done within the thirty-seven-day time constraint.
When appellant appeared for sentencing thirty-seven days later, the trial court found he had not rendered the substantial assistance contemplated by the agreement. Appellant claimed he attempted to provide the assistance, but his efforts were frustrated by the police’s dilatory conduct. The first provision of the agreement required appellant to give the state a sworn statement concerning the involvement of co-perpetrators in his crime. The state has not shown that it made any effort to solicit this statement within the thirty-seven-day period, or that appellant was unavailable to do so. The second provision required appellant to assist police agencies, presumably as a confidential informant, in detecting and apprehending other people involved in drug trafficking. Appellant claimed the police failed to complete a drug transaction he arranged because the assigned officer was unavailable. Rather than flatly deny *292 ing these claims, the state submitted the detective’s weekly reports that indicated appellant had provided no assistance.
While the record is in conflict as to whether appellant cooperated with the authorities in such efforts (assuming the trial court accepted appellant’s proffered letter as evidence of appellant’s efforts), the trial court apparently resolved this issue in favor of the prosecution. Nonetheless, we hold that appellant demonstrated good cause and the trial court abused its discretion in denying appellant’s request for either a continuance of sentencing or permission to withdraw his plea and proceed to trial. Fla.R.Crim.P. 3.170(f); Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1985).
Accordingly, we reverse and remand for further proceedings consistent with the foregoing.
REVERSED AND REMANDED.
DELL, J., concurs.
DOWNEY, J., dissents with opinion.