544 So.2d 308 (1989)
Marsha OFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3145.
District Court of Appeal of Florida, Fourth District.
May 31, 1989.
*309 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
GARRETT, Judge.
Appellant appeals the trial court's denial of her Motion to Set Aside Plea.
Appellant was charged with trafficking in 400 grams or more of cocaine. At her arraignment, appellant entered a plea of not guilty. On July 8, 1988 after negotiating with the state, appellant changed her plea to guilty. The negotiations required the appellant to provide substantial assistance pursuant to section 893.135(3), Florida Statutes (1987), in return for a sentence cap of seven years with a mandatory minimum five years instead of the statutory mandatory minimum fifteen years. The state moved several times to postpone sentencing to allow appellant to provide the substantial assistance. On October 20, 1988, appellant was sentenced to fifteen years, a mandatory minimum fifteen years, and the mandatory fine of $250,000.
On October 21, 1988, a U.S. Customs agent spoke on behalf of the appellant. The trial judge expressed his willingness to vacate the sentence if the state would move to reduce the sentence. The state refused. On November 10, 1988, the trial court denied appellant's motion to withdraw her guilty plea.
The record does not contain a copy of any written plea agreement.
The plea colloquy contains statements such as "[Y]ou have to satisfy the police, who would satisfy the State Attorney.... If you don't help them in the way they think you should help, what will happen to you? ... And if you help them, what will happen?"
At a later hearing, appellant contended someone had been "busted" through her efforts.
At the motion to withdraw plea hearing, the prosecutor, explaining office policy in substantial assistance cases, stated, "the offer we make, is that the person must make a case we can prosecute... . she was not able to do it."
A plea bargain is a contract. A meeting of the minds of the parties is a prerequisite to the existence of an enforceable contract. Where it appears the parties are continuing to negotiate as to essential terms of an agreement there can be no meeting of the minds. Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984), quashed in part on other grounds, 468 So.2d 986 (Fla. 1985). Where it appears any party is mistaken, confused or misunderstands such essential terms there can be no meeting of the minds. See Scott v. State, 499 So.2d 29 (Fla. 2d DCA 1986).
We reverse. We cannot conclude appellant knew and understood all of the essential terms of the plea bargain at the time she entered her guilty plea. What was to be substantial assistance appears to have been a subject of continuing negotiations.
*310 REVERSED AND REMANDED with directions to allow appellant to withdraw her guilty plea and for further proceedings.
DELL and POLEN, JJ., concur.