545 So.2d 392 (1989)
Domingo Antonio MADRIGAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1226.
District Court of Appeal of Florida, Third District.
June 6, 1989.
*393 John H. Lipinski, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., BASKIN, J., and JOSEPH P. McNULTY, Associate Judge.
SCHWARTZ, Chief Judge.
While conducting a consent search of Madrigal's apartment in connection with a double homicide investigation, Metro Dade officers found, among other things, 373 grams of cocaine. In the present prosecution for trafficking in more than 200 and less than 400 grams pursuant to section 893.135(1)(b), Florida Statutes (1985), Madrigal and the state attorney's office entered into an elaborate plea bargain under which the state agreed to waive the five year minimum mandatory prison sentence required for that crime by section 893.135(1)(b)(2), Florida Statutes (1985) in return for Madrigal's assistance  including passing several polygraph examinations  in the investigation of the two murders which had originally given rise to the charge. After a painstakingly conducted plea colloquy, the trial court accepted Madrigal's guilty plea entered in accordance with this arrangement and set the case for sentencing sometime later. During the interim, the defendant made some motions toward cooperating in accordance with the bargain, but did not satisfactorily perform the polygraph aspect of the arrangement. Deeming the contract to have been broken by Madrigal, and in accordance with its terms, the prosecution declined to waive the five year minimum mandatory sentence. The trial judge, over Madrigal's objection, sentenced him to that term. Subsequently, the defendant unsuccessfully moved to set aside the sentence and his plea and now appeals from the denial of that motion. He makes two diametrically inconsistent arguments for reversal. We find that neither has merit and affirm.

I
First, Madrigal contends that he was entitled to the benefit of his bargain on the ground that, as a matter of fact, he was in substantial compliance with the undertaking to cooperate with the homicide investigation. We conclude, to the contrary, that the evidence that he did not reveal to the polygraph examiner all he knew about the perpetrators fully justified the conclusion of the state attorney and the trial court that he had violated the contract. Hence, he is not entitled to "specific performance," so to speak, of the agreement that the minimum mandatory sentence would be waived.

II
Madrigal's second argument is far more substantial. Notwithstanding that he is also attempting to enforce the plea agreement, he contends that it is a nullity and un enforceable as a matter of law. He bases his argument upon the undeniable fact that, under section 893.135(3), Florida Statutes (1985),[1] the prosecution is statutorily authorized to waive the minimum mandatory sentence only when the defendant assists in the prosecution of co-participants *394 in the narcotics case with which he is charged. On this basis, Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1985) and Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984) specifically held that an agreement for waiver of the mandatory sentence in exchange for cooperation in a non-narcotics case, as here, could not be enforced and that the concomitant plea was vacatable at the defendant's instance. The basis for this was the apparent, though not thoroughly articulated conclusion that if the statute does not apply, the state could not recommend any deviation from, and the court was bound to impose, a mandatory sentence; thus, the plea was, in effect, without consideration. Although we certainly agree with the statutory underpinnings of this line of reasoning, we do not agree with the conclusion drawn from them. In our view, there is no legal reason why  putting section 893.135(3) entirely aside  the court may not adhere to the state's side of the bargain by omitting the minimum mandatory sentence if the defendant did his part. Hence, the case is simply one in which one side has breached a bilateral, mutually enforceable contract and must therefore be held to the consequences of that conduct. We reach this destination by any one of several available legal highways.
(a) In a variety of contexts  absent some jurisdictional flaw which surely does not exist here  our courts have held that sentences and other judicial actions which deviate from statutory and even constitutional requirements to the potential benefit of the defendant and to which he agreed may not be the subject of a successful challenge brought only after he has failed to carry any burden imposed upon him. Thus, in King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980), the defendant was sentenced to one year of imprisonment and two years probation, notwithstanding that his crime "required" a mandatory three year prison sentence under section 775.087(2), Florida Statutes (1975). King raised this point only after he had violated the probation and been sentenced to thirty years. The court rejected the argument, holding that the sentence was not "void" and that "the defendant ha[d] waived his right to question the legality of a probation, which he has enjoyed and violated." King v. State, 373 So.2d at 79; see Clem v. State, 462 So.2d 1134, 1136 (Fla. 4th DCA 1984) (court may revoke probation even though appellants should have been sentenced to community control over which only Parole and Probation Commission had jurisdiction; no complaint of error in being placed on probation rather than community control because of acceptance of benefits of that placement); Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA 1984) (defendant who pled guilty in exchange for a sentence of three years imprisonment and four years probation "may not accept and enjoy a probation, then challenge it as illegal after violating its terms"); Preston v. State, 411 So.2d 297, 298-99 (Fla. 3d DCA 1982) (Defendant who should have been sentenced as a youthful offender but was placed on probation "waived his right to question the legality of a probation which he has enjoyed and violated."), pet. for review denied, 418 So.2d 1280 (Fla. 1982); Smith v. State, 345 So.2d 1080, 1082 (Fla. 3d DCA 1977) (sixteen-year-old defendant estopped from challenging probation after violation when she had given a false age and was sentenced as an adult; "[s]he accepted the benefits of probation and had one of the counts against her dropped as a part of the plea negotiations"), cert. denied, 353 So.2d 678 (Fla. 1977). Compare Solomon v. State, 341 So.2d 537, 538 (Fla. 2d DCA 1977) (change of sentence from one year in the county jail to three years probation imposed during a later term "void for lack of jurisdiction" as was revocation of probation and five year sentence of imprisonment; plea bargain agreement at revocation hearing a nullity).
On the rationale exemplified by these cases (i) the trial court had the judicial power and jurisdiction to deviate from the minimum mandatory, as promised, and (ii) Madrigal, having induced it, could not have complained of such a result. Accordingly, the prosecution and the trial judge were *395 free to have tendered the defendant the consideration he bargained for. The plea agreement was thus an entirely enforceable one.
(b) Approaching the matter from the point of view of the prosecution, the other "contracting party,"[2] we reach the same result: the fact that section 893.135, Florida Statutes (1985) does not itself authorize a recommendation to waive the mandatory sentence does not preclude the prosecution from doing so anyway.
It is well settled in Florida that the manner in which a criminal prosecution is conducted is entrusted in the highest degree to the discretion of the state attorney. E.g., State v. Bloom, 497 So.2d 2, 3 (Fla. 1986); State v. Werner, 402 So.2d 386 (Fla. 1981); State v. C.C.B., 465 So.2d 1379 (Fla. 5th DCA 1985); see State v. Benitez, 395 So.2d 514 (Fla. 1981). That power specifically extends to sentencing questions such as the one involved in this case, Fla.R.Crim.P. 3.171(b)(1)(i)(C) (prosecutor may "[a]gree to a specific sentence"). The state attorney's power in this area is forcefully demonstrated by those cases which hold that the prosecution's agreement alone is sufficient to constitute a clear and convincing reason justifying a sentence lower than the one required by applying the legislatively mandated sentencing guidelines. State v. Devine, 512 So.2d 1163, 1164 (Fla. 4th DCA 1987) ("valid downward deviation occurred pursuant to a plea bargain"), pet. for review denied, 519 So.2d 988 (Fla. 1987); State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985) (no abuse of judicial discretion in sentencing below guideline sentence where state had agreed to downward departure in a plea bargain); see Holland v. State, 508 So.2d 5, 6 (Fla. 1987) ("If the sentence is considered [an upward] departure from the guidelines, the plea bargain constituted a valid reason for the departure."). We are able to discern no difference between the guidelines situation, in which the prosecutor's agreement for a sentence below the requirements is sufficient absent any rule or statutory authority, and the present case. Accordingly, the prosecutor had the right, and the binding duty if Madrigal complied, to recommend a sentence less than that provided by section 893.135(1)(b)(2), Florida Statutes (1985).
(c) Finally, again reverting to the private contract model of a plea bargain like this, see Brown v. State, 367 So.2d 616 (Fla. 1979); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984), we note that if Madrigal had lived up to his end, the state itself would have been estopped to claim that it could not recommend and the court could not fail to impose the mandatory sentence. See King, 373 So.2d at 78. Surely, the defendant, having claimed that the state is bound to follow the contract because he did not breach it, cannot at the same time violate its terms and contend that the state could not adhere to it if it wished to. See Lowy v. Kessler, 522 So.2d 917, 919 (Fla. 3d DCA 1988) ("contract cannot be `partially' rescinded").
Affirmed.[3]
NOTES
[1] Since all the pertinent events in this case occurred before its enactment, we do not decide whether the 1987 amendment to this statute which renumbered it section 893.135(4) and added the words "or of any other person engaged in trafficking in controlled substances" would affect this argument or the result either in this case or in Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1985) and Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984).
[2] See Brown v. State, 367 So.2d 616, 622 (Fla. 1979) (bargained guilty pleas similar to contract between society and accused, entered into on basis of perceived mutuality of advantage); Bell v. State, 453 So.2d 478, 480 (Fla. 2d DCA 1984) (plea bargains are encouraged and defendant "bound by his contract").
[3] We certify that this decision is in direct conflict with Noon and Campbell.