WARNER, Judge.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. In his motion for post-conviction relief, appellant claims that his plea of guilty was based on a misunderstanding or misapprehension of facts in making the plea. He also alleges ineffective assistance of counsel at the plea hearing and that his efforts to perform substantial assistance were thwarted by the actions of the State.
Appellant pled guilty to trafficking and conspiracy to traffic in cocaine pursuant to a plea bargain agreement. When the prosecutor announced the terms of the plea to the trial court, he stated that appellant would be required to testify against his co-defendant and “otherwise cooperate with the Hollywood authorities in the performance of their duties”, that upon the substantial assistance being rendered, the State would recommend a sentence of no less than seven-and-a-half years with a five year mandatory minimum, and the State agreed that, depending on how good appellant’s cooperation and assistance was, it might recommend probation. The court questioned appellant and stated that the plea was for a minimum of seven-and-a-half years with the possibility of probation. Appellant stated he understood the plea. The court then released appellant on bond in order to perform his substantial assistance.
Appellant received several extensions of sentencing in order to perform substantial assistance. According to the motion for post-conviction relief, appellant continually asked the police to clarify what was required of him for substantial assistance. Subsequent to the plea and his release, appellant was told that “substantial assistance meant that he had to turn in defendants with the same amount of cocaine which the defendant had been arrested with.” Appellant made several attempts to facilitate different cocaine transactions, but in each case the police failed to cooperate in completing the purchases. For instance, on one occasion the police did not have anyone available to consummate the transaction. On other occasions, the police did not have the cash to buy, or the cocaine to sell, in the transactions set up by appellant.
By July, the court felt that more than sufficient time had been allowed for substantial assistance and refused another continuance. The court then sentenced appellant to two concurrent mandatory minimum fifteen year prison terms. The motion for post-conviction relief followed and was denied by the trial court without hearing.
It was error for the trial court to deny summarily the appellant’s motion, because the record does not conclusively refute the allegations of his petition. Perez v. State, 430 So.2d 553 (Fla. 2d DCA 1983). Appellant states that when he agreed to plead guilty, he did not know what “sub *318 stantial assistance” would be required. That is borne out by the transcript of the plea hearing, when the prosecutor stated that the substantial assistance would be to “otherwise cooperate with the Hollywood authorities in the performance of their duties.” This vague reference can hardly apprise appellant of what is required of him in order to fulfill his part of the bargain, so as to induce the State to recommend reduction of the mandatory sentence pursuant to section 893.135(4), Florida Statutes (1987). As this court recently stated in Offord v. State, 544 So.2d 308 (Fla. 4th DCA 1989):
A plea bargain is a contract. A meeting of the minds of the parties is a prerequisite to the existence of an enforceable contract. Where it appears the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds. Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984), quashed in part on other grounds, 468 So.2d 986 (Fla.1985). When it appears any party is mistaken, confused or misunderstands such essential terms there can be no meeting of the minds. See Scott v. State, 499 So.2d 29 (Fla. 2d DCA 1986).
Where a guilty plea is the result of a misunderstanding of the nature and scope of the substantial assistance agreement, the plea is not voluntarily made. Elias v. State, 531 So.2d 418 (Fla. 4th DCA 1988). Thus, appellant was entitled to an eviden-tiary hearing on the voluntariness of his plea.
Likewise, the record does not conclusively refute his claim of ineffective assistance of counsel. Although appellant told the court during the plea colloquy he was satisfied with counsel, the transcript, as well as counsel’s letter attached to the motion, reveal that counsel was appointed while in the courtroom at the time of the change of plea, and he had never met or talked with appellant before. Counsel’s letter admits that appellant probably didn’t understand the nature and extent of the substantial assistance required. There are sufficient allegations and support from the record for the claim of ineffective assistance of counsel, such that the trial court should have held an evidentiary hearing on this issue as well.
Finally, with respect to the claim of lack of cooperation on the part of the police in appellant’s attempts to render substantial assistance, we also reverse the summary denial and remand for an evidentiary hearing. The allegations that the police conduct was dilatory and helped prevent appellant from fulfilling his part of the bargain would be sufficient to permit the withdrawal of the plea. Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1985). It would also be evidence that the plea was mistakenly entered into upon the promise that the State would cooperate with appellant in performance of substantial assistance, which promise the State refused to fulfill. This may entitle appellant to withdraw his plea. Hughes v. State, 427 So.2d 791 (Fla. 2d DCA 1983).
Accordingly, we reverse the trial court’s summary denial of appellant’s motion and remand to the trial court to conduct an evidentiary hearing on the issues raised therein.
Reversed and remanded for further proceedings.
DELL and POLEN, JJ., concur.