721 So.2d 776 (1998)
Wilner TIMOTHEE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0195.
District Court of Appeal of Florida, Fourth District.
November 25, 1998.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Wilner Timothee appeals the trial court's denial of a presentence motion to withdraw his plea of no contest to a charge of trafficking in cocaine more than 28 grams. We reverse.
During Timothee's plea conference, the only mention of a substantial assistance *777 agreement between the state or Federal agents and Timothee was the trial court's reference to "some special conditions" of Timothee's release on his own recognizance. It seems an off-the-record discussion took place between Timothee's counsel and Federal agents; however, Timothee was not privy to that discussion. During the hearing on Timothee's motion to withdraw his plea, his unrebutted testimony established Timothee did not fully understand the terms of his required participation with federal and/or local law enforcement agents.
Florida Rule of Criminal Procedure 3.170(f) governs withdrawal of pleas and provides: "The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn...." Fla. R.Crim. P. 3.170(f). This rule should be liberally construed in favor of the defendant because "[t]he law inclines toward a trial on the merits." Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983). As we previously recognized, a plea agreement is a contract requiring a meeting of the minds. Offord v. State, 544 So.2d 308 (Fla. 4th DCA 1989). When it appears any party is mistaken, confused, or misunderstands essential terms of the agreement, there can be no meeting of the minds. Id.
Under the facts of this case Timothee should have been allowed to withdraw his plea. The record contains no evidence contradicting Timothee's asserted misunderstanding of the terms of his substantial assistance agreement. In such a case, a liberal construction of rule 3.170(f) militates in favor of allowing Timothee to withdraw his plea.
We are not suggesting the parties to a substantial assistance agreement must make the express terms of that agreement a part of the record. An off-the-record discussion of the terms of an assistance agreement, such as that which apparently occurred here, is entirely appropriate. However, such a system invites potential abuses including a defendant's claim the terms of the agreement were misunderstood, and the state's claim the defendant did not comply with the terms of the agreement. Neither of these outcomes is desirable.
We are aware different judges use different methods to create a record of the terms of a substantial assistance agreement, at the same time ensuring the confidentiality of the agreement. Some judges take care to make certain the terms of any substantial assistance agreement are of record during a defendant's plea colloquy, then order the entire record sealed. Other judges require the state to prepare written substantial assistance agreements, which the parties sign and the judge initials at the time a plea is entered. The executed agreement is then returned to the state's possession. Either of these two methods would have solved the problem encountered in the instant case.
REVERSED.
GROSS and TAYLOR, JJ., concur.