PER CURIAM.
Miranda C. Amador appeals the sentence imposed pursuant to a plea agreement and a substantial assistance contract. We affirm the sentence, but write to point out that the contract entered into between Amador and the State is woefully inadequate.
The substantial assistance contract in question was vague and did not delineate the actions to be performed by Amador in order to fulfill the requirements of the agreement in light of the almost twenty-year history of “substantial assistance legislation.” See § 893.35(3), Fla. Stat. (Supp.1980). The transcript of the plea colloquy does nothing to demonstrate how the contract was to be completed. In order to ensure that there are no misunderstandings between the parties, the terms of the agreement should be clearly *405 set forth in the contract or discussed at the plea hearing. As suggested in Timothee v. State, 721 So.2d 776, 777 (Fla. 4th DCA 1998), the court may take measures to protect the confidentiality of the agreement.
Affirmed.
CAMPBELL and SALCINES,, JJ., Concur.
PARKER, C.J., Concurs specially.