HAZOURI, J.
Stanley Gray was charged in two separate informations with possession of cocaine, open carrying of a weapon, possession of drug paraphernalia, driving while license suspended and burglary with a battery. He pled no contest to all charges, *108 was convicted and sentenced to 40 concurrent months as to all charges. Gray appeals the trial court’s denial of his presen-tence motion to withdraw his plea. We reverse and remand for the trial court to conduct an evidentiary hearing since the record fails to conclusively show that the defendant did not have good cause for withdrawing his plea.
On July 30, 1998, Gray was charged with possession of cocaine, open carrying of a weapon, possession of drug paraphernalia, and driving while license suspended. On September 23, 1998, Gray was charged with burglary of a dwelling with a battery. On January 7, 1999, Gray signed an acknowledgment of his plea and waiver of rights and entered a no contest plea to the charges in each case. During the plea colloquy, the trial court inquired of Gray as to whether he understood that he was pleading “open to the court.” He acknowledged that he understood. The court further inquired as to whether any promises, representations or guarantees had been made to Gray other than that which was announced in open court. Gray replied “No, sir.” The court accepted Gray’s pleas and scheduled sentencing for a later date. At the request of both Gray and the state, Gray was released on his own recognizance under the conditions that he not possess any firearms or dangerous weapons and that he have no direct or indirect contact with the victim.
On February 17, 1999, Gray filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 which he designated as a motion to set aside and vacate the plea. The trial court properly treated it as a motion to withdraw a plea pursuant to Florida Rule of Criminal Procedure 3.170(f).[1] Despite the fact that Gray had previously stated that there had been no promises, representations or guarantees other than what had been announced in open court at the plea hearing, Gray’s motion alleged that he had a “side deal” with the state. The pertinent portions of the “side deal,” according to Gray’s motion were as follows:
On January 7,1999, ASA Stacy Williams and the defense entered into an orally agreed upon plea. The terms of the deal called for the Defendant to agree to testify, and actually testify if called as a witness, against his co-defendant (Salvatore Giannettino; Case No. 98-18065CF10B), and in exchange for same, the State would recommend a negotiated downward departure sentence of a period of supervision, either on community control, probation or both. No other terms were discussed and this plea agreement was not reduced to writing or tape recorded by ASA Jeff Marcus, as in the normal course.
This “side deal” allegedly induced Gray to enter a no contest plea. Gray also claimed he was released on his own recognizance after he entered a no contest plea because that was also part of the “side deal.”
While Gray was on pretrial release, he was arrested for armed robbery. As a result, his pretrial release was revoked. A sentencing hearing for the previous charges for which he had pled no contest was scheduled for February 26, 1999. At the sentencing hearing, the trial court heard argument on Gray’s motion to set aside and vacate his plea. Gray’s counsel made a proffer to the court that supported his position that a “side deal” existed. Gray claimed that the court should enforce the “side deal” and require the state to recommend a downward departure that did not involve incarceration. If the state did not comply with the “side deal,” Gray argued that the trial court should vacate his plea and allow Gray to proceed to trial.
*109 At first the state argued that there was no agreement but later conceded there were discussions with Gray about his cooperation in testifying against co-defendant, Giannettino, but there was no “side deal.” The state also argued that in any event, since Gray had pled “open to the court,” even if there had been such an agreement there could be no guarantee that the trial court would follow that recommendation and, therefore, there was no basis for permitting Gray to withdraw his plea. Gray’s counsel advised the court he, Gray and Gray’s wife were prepared to testify to the terms of the agreement as outlined in the motion.
The trial court elected not to conduct an evidentiary hearing noting that Gray had waived his rights and understood he could receive any lawful sentence since he had pled “open to the court.” The trial court also stated “[w]hether the state agreed to recommend a downward departure, it was never committed to writing and even if they did recommend a downward departure, I could still sentence Mr. Gray to any sentence that I thought appropriate under the circumstances.” Gray’s motion was denied and he was adjudicated guilty for each offense in both cases.
Pursuant to Florida Rule of Criminal Procedure 3.170(f), the court may in its discretion, at any time before a sentence, permit a plea to be withdrawn. However, if the defendant prior to sentencing shows good cause for withdrawal of the plea, the trial court must permit the defendant to withdraw the plea. The state has conceded at oral argument that if there were, in fact, a “side deal” as described in Gray’s motion to vacate and withdraw his plea, the state’s failure to honor the agreement is sufficient good cause for withdrawal of the plea. Florida Rule of Criminal Procedure 3.170(f) should be liberally construed in favor of the defendant because the law favors a trial on the merits. See Timothee v. State, 721 So.2d 776 (Fla. 4th DCA 1998); Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983). Our court has held that a plea agreement is a contract requiring a meeting of the minds. When it appears any party is mistaken, confused or misunderstands essential terms of the agreement, there can be no meeting of the minds. Timothee, 721 So.2d at 777 (citations omitted).
The trial court concluded that since Gray pled “open to the court,” it was not bound to follow any recommendation made by the state even if there had been an agreement between Gray and the state as described in Gray’s motion and, therefore, there could be no good cause for the withdrawal of Gray’s plea. The trial court was correct that it was not bound to downwardly depart; however, the trial court is incorrect that if the state breached the alleged agreement, Gray is not entitled to ■withdraw his plea. See Lee v. State, 501 So.2d 591, 592 (Fla.1987). Gray would not have gotten the benefit of his alleged bargain, i.e., a recommendation by the state that he not be sentenced to a period of incarceration.
For the above stated reasons, we reverse the trial court’s denial of Gray’s motion to withdraw his plea and remand for an evidentiary hearing.
GUNTHER and TAYLOR, JJ„ concur.

. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.