PER CURIAM.
We affirm an order denying appellant’s petition for mandamus which the trial court treated as a rule 3.850 motion for post-conviction relief. The trial court did not err in denying appellant’s request to appoint counsel because his post-conviction motion was not complex and he was not entitled to an evidentiary hearing. Appellant’s first claim that his plea was not binding because it was not formally accepted by the court is without merit. He did not move to withdraw his plea until after sentencing and failed to show prejudice or manifest injustice. Demartine v. State, 647 So.2d 900 (Fla. 4th DCA 1994). His second claim, that the prosecutor made a false statement at sentencing, was raised on direct appeal and is without merit. Nor is defendant’s plea void based on Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1985) and Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984). The statute on which defendant relies was amended in 1987, after those cases, making those cases irrelevant. His plea was valid. Affirmed.
WARNER, KLEIN and GROSS, JJ., concur.