994 So.2d 1209 (2008)
Hector David ARZOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3127.
District Court of Appeal of Florida, Fifth District.
November 14, 2008.
*1210 John A. Stanton, Deland, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Hector Arzola ["Arzola"] was convicted of trafficking in cocaine, in violation of section 893.135, Florida Statutes (2007). He appeals the trial court's denial of his motion to withdraw his plea prior to sentencing and the trial court's refusal to sentence him as a youthful offender. There was plainly no error in the refusal to sentence Arzola as a youthful offender, but it was error not to allow Arzola to withdraw his plea.
Arzola's nolo contendere plea was the product of an agreement with the State for Arzola to provide substantial assistance in exchange for the possibility of a sentence below the statutory minimum mandatory. The agreement allowed Arzola to provide "substantial assistance" in accordance with section 893.135(4), Florida Statutes, which permits the State to negotiate a reduced drug trafficking sentence for individuals who provide substantial assistance "in the identification arrest, or conviction of any... person engaged in trafficking in controlled substances." The agreement also allowed Arzola to provide "substantial assistance" in the form of information relevant to an unrelated homicide case.
Prior to sentencing, Arzola moved to withdraw his plea on grounds that the State would not honor its agreement and refused to allow him to provide any substantial assistance pursuant to section 893.135(4), Florida Statutes. There does not appear to be any dispute that the State refused to allow Arzola to provide this assistance.
On this record, the motion to withdraw plea under the liberalized standard applicable prior to sentencing should have been granted. Fla. R.Crim. P. 3.170(f). Arzola entered a plea conditioned on the understanding that he would be allowed to provide substantial assistance pursuant to section 893.135(4), Florida Statutes. He was not allowed to do so. We agree that this "misapprehension" constituted good cause for withdrawal of the plea prior to sentencing.[1]
REVERSED and REMANDED.
PALMER, C.J., GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] Although not cited by the parties, our conclusion is buttressed by this Court's opinion in Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984).