*888
 
 COPE, J.
 

 This is an appeal of order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 8.800(a), and a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We remand for further proceedings.
 

 In his Rule 3.800(a) motion, the defendant maintains that his mandatory minimum seven-year sentence is illegal. The defendant’s point is well taken.
 

 The defendant was charged with trafficking in cocaine in an amount of 400 grams.
 
 [1]
 
 In 2006, the defendant entered into a plea agreement with the State for imposition of a mandatory minimum sentence of seven years. The trial court accepted the plea agreement and sentenced the defendant accordingly.
 

 The defendant filed a Rule 3.800(a) motion, arguing that a mandatory minimum sentence of seven years is unauthorized for this crime. The trial court denied the motion, reasoning that a seven-year mandatory minimum sentence is within the legal maximum for the crime. This appeal followed.
 

 This particular crime carries a mandatory minimum sentence of fifteen years. § 893.135(l)(b)l.c., Fla. Stat. (1995). The statute authorizes the State to reduce or suspend the sentence of a person who provides substantial assistance. § 893.135(4), Fla. Stat. (1995). Both sides agree that this sentence was not part of a substantial assistance agreement with regard to drug trafficking. Since there was no substantial assistance agreement, a reduction of the mandatory minimum sentence from fifteen years to seven years was not authorized under this statute.
 
 [2]
 
 ’
 
 [3]
 

 Accordingly, we reverse the order denying Rule 3.800(a) and remand for further proceedings. If the State consents, the trial court shall resentence the defendant to any legal sentence. If the State objects, then the defendant must be given an opportunity to withdraw his plea and proceed to trial.
 
 See Forbert v. State,
 
 437 So.2d 1079, 1081 (Fla.1983);
 
 State v. Galazz,
 
 2 So.3d 1083, 1084 (Fla. 3d DCA 2009);
 
 Epperson v. State,
 
 955 So.2d 642, 643-44 (Fla. 4th DCA 2007);
 
 Gifford v. State,
 
 744 So.2d 1046, 1047-48 (Fla. 4th DCA 1999);
 
 Ruiz v. State,
 
 537 So.2d 682, 683 (Fla. 3d DCA 1989).
 

 In his Rule 3.850 motion, the defendant contends that the State acted in bad faith in refusing to recommend mitigation of his sentence pursuant to the plea agreement. Again, we remand for further proceedings.
 

 At the time the plea agreement was presented to the trial court, the judge was informed that the defendant was to be transported to New York to testify in a criminal trial. The New York case was not related to the Florida case for which the defendant was being sentenced. The State agreed that if the defendant assisted the New York authorities in the prosecu
 
 *889
 
 tion of the New York case, the State would consider recommending mitigation of the Florida sentence.
 

 The defendant was transferred to New York and testified. The District Attorney, Robert Morgenthau, and Assistant District Attorney, Amy L. Schwartz, both wrote letters stating that the defendant’s “cooperation was very important to the successful prosecution of this case.” The defendant filed his timely Rule 3.850 motion, seeking reduction of the sentence.
 

 In the meantime, the Florida file had been transferred to an assistant state attorney who had not been involved in the original plea negotiation. The State refused to recommend any reduction. In the submission to the trial court, the State said, “The State has seen evidence of his assistance to the State of New York[;] however, in light of all the circumstances of the case including the fact that the ten year delay between the filing of the ease and the sentencing was partly caused by the defendant absconding for a period of time and also the fact that the defendant was originally facing a fifteen (15) year minimum mandatory sentence ... but he was only sentenced to a seven (7) year sentence and a waiver of the applicable fine of $250,000[,] [t]he State feels that this is sufficient mitigation/reduction in his sentence.” The trial court summarily denied the Rule 3.850 motion and the defendant has appealed.
 

 The United States Supreme Court addressed this issue in
 
 Santobello v. New York,
 
 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Santobello agreed to a guilty plea on condition that the prosecutor would make no sentencing recommendation. At sentencing, the prosecutor breached the promise and recommended the maximum sentence. The United States Supreme Court said:
 

 This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.
 

 Id.
 
 at 262, 92 S.Ct. 495;
 
 Tillman v. State,
 
 522 So.2d 14, 15-16 (Fla.1988) (following Santobello). The appropriate relief is for the trial court to decide.
 
 Santobello,
 
 404 U.S. at 263, 92 S.Ct. 495;
 
 see also Ruth v. State,
 
 574 So.2d 225, 228-29
 
 &
 
 n. 3 (Fla. 2d DCA 1991).
 

 In this case the defendant has made a prima facie showing that the State did not act in good faith. The reasons cited by the State to deny mitigation were all facts which already existed on the date of the plea agreement. The past history between the parties already had been taken into account when they entered into the plea agreement. The implication in the plea colloquy was quite clear that favorable consideration would be given to a sentence reduction if the defendant, upon transfer to New York, testified and provided material assistance to the New York authorities. The New York authorities submitted a detailed letter describing the assistance rendered by the defendant and stating that the assistance was important for the case. We reverse the order denying Rule 3.850 relief and remand for an evidentiary hearing on the question whether the State acted in good faith in considering the defendant’s request for mitigation.
 

 Reversed and remanded for further proceedings consistent herewith.
 

 [1]
 

 . The crime date was April 9, 1996.
 

 [2]
 

 . In 1999, the Legislature created a seven-year mandatory minimum sentence for the offense of trafficking in cocaine in an amount more than 200 grams, but less than 400 grams. § 893.135(l)(b)l.b., Fla. Stat. (1999); ch. 99-188, § 9, Laws of Fla. However, that mandatory minimum is not available in this case, because the statute was not in effect on the date of the defendant’s 1996 crime.
 

 [3]
 

 .It also has been held that a mandatory minimum sentence can be waived as part of a plea agreement.
 
 Madrigal v. State,
 
 545 So.2d 392 (Fla. 3d DCA 1989). In the present case,
 
 Madrigal
 
 does not apply, as there was a reduction, rather than waiver, of the mandatory minimum.