DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JAMES L. HARPER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-1935
and 4D13-1936

[December 3, 2014]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case Nos. 562012CF002720B and 562012CF002890A.

Carey Haughwout, Public Defender, James W. McIntire, Assistant Public Defender, West Palm Beach, and James L. Harper, Bonifay, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the denial of appellant's motion, filed *before* sentencing, to withdraw his pleas pursuant to Florida Rule of Criminal Procedure 3.170(f). There was no meeting of the minds as to the length of time appellant had to perform under a substantial assistance agreement and his efforts were shut down by the supervising detective after only 16 or 17 days. *See Arzola v. State*, 994 So. 2d 1209 (Fla. 5th DCA 2008); *Timothee v. State*, 721 So. 2d 776 (Fla. 4th DCA 1998); *Pate v. State*, 547 So. 2d 316 (Fla. 4th DCA 1989); *Elias v. State*, 531 So. 2d 418 (Fla. 4th DCA 1988); *Soto v. State*, 515 So. 2d 249 (Fla. 5th DCA 1987). No direct evidence contradicted appellant's claim that he did not understand that his efforts at substantial assistance were subject to such a short time frame. The plea conference was abbreviated and perfunctory. The October 26, 2012 order provides that appellant's release from jail prior to sentencing was "solely for the purpose of assisting law enforcement." Although the order was silent as to the length of time that appellant had to perform and the

agreement gave the supervising detective the "sole discretion" to take appellant into custody "when the defendant is no longer needed in ongoing investigations," appellant testified that he believed he had until January 28, 2013, when his sentencing was set, in which to "produce something," presumably a drug transaction.

Under the circumstances, the trial court's decision is reversed. The nature, scope and duration of the substantial assistance agreement were vague, both when initially explained to appellant and with respect to its implementation. On remand, appellant shall be given leave to withdraw his plea and proceed to trial.

GROSS, MAY and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***