BOARDMAN, Judge.
The appellant, James William Josey, has brought a timely appeal from a denial, without hearing, of his Rule 3.850, CrPR, motion filed in the circuit court. The appellant’s conviction was affirmed in an appeal on the merits by this court in Josey v. State, Fla.App.2d, 1973, 284 So.2d 704.
In his pro se efforts in this cause Josey contends he was deprived of his constitutional right to have compulsory process for witnesses [1] and that he was deprived of an instruction to the jury on a lesser included charge. In light of the fact that the motion and appeal filed herein were filed by the appellant in propria persona, we view them with the liberality afforded pro se briefs[2] and conclude the appellant may have been attempting to allege incompetence of counsel.
We cannot here, on appeal, determine whether Josey’s . counsel was grossly incompetent[3] or a prudent counsel who made some strategic decisions. Josey contends that the testimony of Deputy Joe Ward was vital to his defense, yet two subpoenas that had been issued were not served on Ward by the sheriff’s department.[4] Josey’s counsel argued vociferously during the trial that Ward could clear his client, yet he didn’t preserve this question for appellate review. This action may have been a calculated risk on the part of counsel to make an unavailable witness better for his purposes than if that witness were produced. On the other hand, failure to insist on the witness’ presence could very well have been an error on the part of counsel. The same rationale may be true on the question of jury instructions. The jury was presented with the option of convicting the appellant of resisting arrest with violence or acquitting him. This may have been a knowing, all or nothing gamble, or it may have been oversight of the existence of the necessari *490 ly lesser included offense of resisting arrest without violence on the part of trial counsel.
These questions can only be resolved after a full evidentiary hearing in the circuit court.
Reversed and remanded.
HOBSON, A. C. J., and MANN, J. (Ret.),-concur.

. Article 1, Section 16, Constitution of Florida, 1968.

. Thomas v. State, Fla.App.2nd, 1964, 164 So.2d 857.

. Bankston v. State, Fla.App.2nd, 1973, 279 So.2d 326.

.Joe Ward was under subpoena by the state. When it became apparent shortly before the trial commenced that Ward would not appear, the defense issued an instanter subpoena for Ward. The trial was completed in one day.