403 So.2d 1030 (1981)
John HARTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 80-89.
District Court of Appeal of Florida, Fourth District.
August 12, 1981.
Rehearing Denied October 14, 1981.
Richard L. Jorandby, Public Defender, and Douglas N. Duncan, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant, John Hartman, appeals his conviction of robbery with a weapon, ascribing error to three aspects of his trial. We affirm.
Hartman allegedly entered a Magic Market at about midnight and, armed with a can of mace with which he threatened the cashier, emptied the cash register and then fled with the money and sundry objects. He was apprehended and tried, resulting in these proceedings.
We find no error in the evidentiary matter urged as error nor do we discern from the record that appellant preserved for appeal the refusal of the trial judge to instruct on minimum and maximum penalties as required by Tascano v. State, 393 So.2d 540 (Fla. 1980).
The most significant point raised by this appeal involves the application, respectively, of Subsections 790.001(3)(b) and 790.001(13), Florida Statutes (1979) and their relationship to Subsection 812.13(2)(b), Florida Statutes (1979).
Appellant argues that the state failed to prove an essential element of its case. The pertinent portions of the statute under which the charges were filed provide:
812.13 Robbery. 
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a)... .
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The term which is critical here is "weapon" and since the weapon was alleged to be a chemical, appellant takes the position that the definition contained in Subsection 790.001(3)(b) applies:
(b) "Tear gas gun," "chemical weapon," or "device" shall apply to all weapons of such nature except those designed to be carried in a woman's handbag or a man's pants or coat pocket or designed as a pocket pencil or pen and containing not more than one-half ounce of chemical.
*1031 Appellant takes the position that the state failed to prove that the can of mace used in the robbery contained more than one-half ounce of chemical, therefore it is not a "weapon" and the state thus failed to prove an essential element of the crime of armed robbery.
The difficulty (and fallacy) of this position is that the definition contended for by appellant is actually an exclusion from the definition of "tear gas gun," "chemical weapon," and "device" for purposes of application of the term "concealed weapon" defined in paragraph 3, subparagraphs (a) and (b) of this section of the statutes which is subsequently to be carried forward into those sections of chapter 790 dealing with concealed weapons.
The state correctly takes the position that the definition of "weapon" pertinent here is contained in Subsection 790.001(13): "(13) "Weapon" means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or a common pocket-knife." Language in the introductory paragraph of Subsection 790.001 indicates that the meanings thereafter established shall apply "for the purposes of this chapter;" however, we do not consider that language to limit use of the definitions exclusively to chapter 790, particularly where common sense dictates that a definition set forth there may have perfectly reasonable application elsewhere. The same considerations would apply to the definition contended for by appellant, in any event.
The state having proved that appellant was armed with a can of mace during the robbery, we find no error by omission in the state's presentation of its case.
We therefore affirm.
AFFIRMED.
DOWNEY and MOORE, JJ., concur.