PER CURIAM.
We affirm the trial court’s denial, after an evidentiary hearing, of appellant’s motion for post-conviction relief alleging ineffectiveness of trial counsel.
Our affirmance is substantially predicated upon our deference to the position of the trial judge, who was the same judge that presided over appellant’s trial, as the trier of fact to resolve issues of fact and credibility in considering the alleged deficiencies of counsel and their effects on the trial proceedings. We are particularly influenced by the trial court’s own observations as to the manner in which a decision was made by counsel, in consultation with the appellant, to waive instructions on lesser-included offenses. The testimony of counsel, considered together with the court’s observations, constitute a sufficient predicate for the trial court to deny the claim of ineffectiveness in this respect. Cf. Josey v. State, 301 So.2d 489 (Fla. 2d DCA 1974), wherein the court was concerned that the decision to waive “may have been a knowing, all or nothing gamble, or it may have been oversight of the existence of the necessarily lesser included offense ....” We have also considered each of the other allegations of ineffectiveness, reviewed the evidence presented, and conclude that there is an evidentiary basis for the trial court’s decision in each instance. See Knight v. State, 394 So.2d 997 (Fla.1981).
ANSTEAD, C.J., DOWNEY, J., and RODGERS, EDWARD, Associate Judge, concur.