MILLS, Judge.
DeFriest appeals from convictions and sentences for inmate possession of contraband. He contends the trial court erred in refusing to give a requested jury instruction and in denying motions for judgment of acquittal. We affirm.
DeFriest, an inmate at the Florida State Prison, was confined to a one-man cell. On 30 December 1982, authorities searched the cell. They found a knife hidden in a shoe. They also found seven live rounds of .22 caliber ammunition and two empty .22 caliber shell casings hidden in a slipper and in a felt-tip marker. The authorities removed the cover from an air vent in the cell and found an object resembling an ice pick.
The State ultimately charged DeFriest with two counts of inmate possession of contraband (Section 944.47, Florida Statutes (1981)). Count I charged possession of an explosive substance; specifically, ammunition and shell casings. Count II charged possession of weapons; specifically, the knife and the ice pick-type object.
DeFriest first argues the trial court erred in refusing to instruct the jury on the definition of “explosive” provided in Section 790.001(5), Florida Statutes (1981), and the exclusions from that definition provided in paragraphs (a)-(d) of Section 790.001(5). Section 790.001(5) provides:
(5) “Explosive” means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerine, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators; but not including:
(a) Shotgun shells, cartridges or ammunition for firearms;
(b) Fireworks as defined in s. 791.01;
(c) Smokeless propellant powder or small arms ammunition primers, if possessed, purchased, sold, transported, or used in compliance with s. 552.241;
(d) Black powder in quantities not to exceed that authorized by chapter 552, or by any rules or regulations promulgated thereunder by the Department of Insurance, when used for, or intended to be used for, the manufacture of target and sporting ammunition or for use in muzzle-loading flint or percussion weapons.
The trial court’s refusal to instruct the jury on the above statutory provisions was proper for three reasons. First, the definitions of Section 790.001 are necessarily controlling only as the defined terms are used in Chapter 790. DeFriest was charged under Chapter 944. Although the definitions in Chapter 790 may apply elsewhere if application would be reasonable, Hartman v. State, 403 So.2d 1030 (Fla. 4th DCA 1981), we do not think the statutory definition of “explosive” contained in Chapter 790, dealing with weapons and firearms among the general public, reasonably applies to a statute in Chapter 944, regulating conduct at state correctional institutions. Surely, live ammunition is just the kind of dangerous item the legislature intended to keep out of the hands of prison inmates by operation of Section 944.47.
Second, even if the definition of “explosive” in Section 790.001(5) does apply to Section 944.47, it does not follow that the exclusions of Section 790.001(5)(a)-(d) also *135 apply. Whatever the purpose of excluding shotgun shells, cartridges, ammunition for firearms and the like from the statutory definition of “explosive” in Chapter 790, we can find no logical reason for excluding those items from “explosive substance” as that term is used in Section 944.47.
Finally, although DeFriest argues that the definition of “explosive” in Section 790.001(5) is the only definition of “explosive” contained in the Florida Statutes, we note that Section 552.081(1) and Section 552.081(2), Florida Statutes (1981) define “explosive materials” and “explosives” respectively. DeFriest gives no reason why these definitions are less applicable to Section 944.47 than the definition in Section 790.001(5). We think the definitions in Chapter 552, regulating the manufacture, distribution and use of explosives among the general public, are equally inapplicable to Section 944.47. Statutes having different purposes and subjects should not be construed in pari materia.
DeFriest next contends the trial court erred in denying his motion for judgment of acquittal as to Count I. He argues “that .22 caliber cartridges and used cartridge shells are not explosive substances for purposes of prosecution pursuant to Section 944.47, Florida Statutes (1981).”
The State’s expert witness testified he examined the .22 caliber ammunition and shell casings taken from DeFriest’s cell. He stated that some of the ammunition contained viable propellant powder and that propellant powder was definitely an explosive substance. This was prima facie evidence that DeFriest possessed an explosive substance.
We also find no error in the trial court’s denial of DeFriest’s motion for judgment of acquittal as to both counts. The State produced evidence that the premises on which the contraband was found were in DeFriest’s exclusive possession and control. His knowledge of and ability to maintain control over the contraband could therefore be inferred. State v. Craig, 413 So.2d 863 (Fla. 1st DCA 1982); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). DeFriest never rebutted this inference.
AFFIRMED.
SHIVERS and WIGGINTON, JJ„ concur.