534 So.2d 929 (1988)
Samuel WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0887.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
*930 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The sole issue on appeal is whether the trial court erred in accepting a plea of guilty without sufficient support in the record that there was a factual basis for the plea.
The following colloquy occurred between the court and the defendant:
THE COURT: When you plead guilty to this charge, Mr. Williams, you're admitting that on the 12th of July of last year in Broward County, Florida, you unlawfully delivered to Keven Kin a controlled substance, to wit, cocaine contrary to the law. Do you understand that?
MR. WILLIAMS: Yes, sir.
THE COURT: Also that you resisted arrest with violence, that you unlawfully, knowingly and willfully resisted, obstructed or opposed him by offering or doing violence to him, by fighting with a duly qualified law enforcement officer of the Oakland Park Police Department in the lawful execution of a legal duty being performed by the officer, to wit, arresting you contrary to the law.
MR. WILLIAMS: I didn't fight.
THE COURT: That's what you're admitting to by pleading guilty. Do you understand that?
MR. WILLIAMS: Yes, sir, I do.
The defendant asserts that a more extensive inquiry was required once he denied the allegation of fighting. There was no additional evidence or proffer of evidence by either the state or the defense.
Before accepting a guilty plea, a trial court is required to satisfy itself that there is a factual basis for the plea. Williams v. State, 316 So.2d 267 (Fla. 1975); Meredith v. State, 508 So.2d 473 (Fla. 4th DCA 1987); Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981); Fla.R.Crim.P. 3.172(a). Generally, the rule may be complied with by receiving evidence, testimony, a proffer of evidence, statements by counsel or the defendant, or reference to the record sufficient to satisfy the court that there is evidence to convict on each element of the charge. See Williams v. State.
The failure of the court to make a complete inquiry, or to receive a complete proffer, will generally not result in reversal on appeal without a corresponding showing of prejudice. See State v. Kendrick, 336 So.2d 353 (Fla. 1976); Williams v. State, 316 So.2d 267 (Fla. 1975); Fitzpatrick v. State, 414 So.2d 1121 (Fla. 1st DCA 1982). However, where the defendant raises the possibility of a defense in the course of his response, the potential prejudice is considered apparent and a further inquiry by the trial court is necessary. See State v. *931 Kendrick, 336 So.2d 353 (Fla. 1976); State v. Lyles, 316 So.2d 277 (Fla. 1975). See also Monroe v. State, 318 So.2d 571 (Fla. 4th DCA 1975); Miles v. State, 338 So.2d 547 (Fla. 3d DCA 1976).
We conclude that the court's inquiry here was insufficient, and that appellant has met his burden of demonstrating prejudice. The information alleged that the defendant committed the crime of resisting arrest by fighting. At the plea hearing the defendant denied fighting, and no further inquiry or factual recitation occurred. Therefore, we reverse and remand the judgment and sentence so that the trial court may conduct a further inquiry into the factual basis for the plea.
WALDEN, J., and WESSEL, JOHN D., Associate Judge, concur.