558 So.2d 450 (1990)
Stephen Daniel GUST, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1218.
District Court of Appeal of Florida, First District.
February 28, 1990.
*451 Stephen Daniel Gust, pro se.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
WILLIS, BEN C. (Ret.), Associate Juge.
In considering the State's motion for rehearing, it appears that there is some language which may be misleading and confusing. Desiring to clarify that which was intended, the said motion is hereby granted and the opinion now appearing in Gust v. State, 14 F.L.W. 2768 (Fla. 1st DCA December 1, 1989) is hereby withdrawn. Substituted is the opinion herein which expresses the findings and rulings intended as follows:
Appellant appeals an order reaffirming and adhering to a prior order which denied his pro se Rule 3.850 motion for post conviction relief. We reverse and remand.
In 1985 appellant pled nolo contendere to armed robbery for which he received 15 years imprisonment. On June 5, 1986, appellant filed a Rule 3.850 motion alleging that he was ineffectively represented by counsel in that the key-chain knife appellant asserts he used in the robbery was not a weapon under section 790.001(13), Florida Statutes (1985), and thus he should not have been advised to plead nolo contendere to armed robbery.
On June 10, 1986, the trial court denied the motion without a hearing stating that the record revealed that the defendant entered a written plea of no contest, that he acknowledged the plea was in his best interest, and that he bargained for the 15-year sentence.
This order was reversed and remanded because the trial court did not attach the portions of the files and records conclusively showing the defendant was entitled to no relief. Gust v. State, 504 So.2d 61 (Fla. 1st DCA 1987).
The trial court then issued an order which reiterated the findings set out in its June 10, 1986 denial of appellant's motion, adding that appellant acknowledged that he was satisfied with the services and advice of his attorney. To this order the trial court attached the original transcript of the sentencing proceedings together with the plea waiver and consent form. Appellant did not appeal this order.
On August 5, 1987, appellant filed another Rule 3.850 motion which the trial court denied without a hearing, stating that the grounds raised in the motion were the same as those raised in appellant's June 1986 motion, except for another ground which could have or should have been raised on direct appeal. Appellant appealed from the denial of his second motion and in Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988) (Gust II) this court reversed and remanded, finding that although the grounds stated in the previous motion may have been substantially identical to the grounds stated in the subsequent motion, the trial court's denial of the subsequent motion failed to attach the order and its attachments relating to the previous motion. This opinion was filed December 15, 1988.
On January 23, 1989, the trial court issued an order with attachments of all the foregoing orders and attachments from the Gust cases. This order essentially reiterated the findings made in its previous orders addressing Gust's motions. However, before the January 23, 1989 order was rendered, appellant had filed a motion for rehearing in this court on December 27, 1988 which this court denied January 25, 1989. On February 8, 1989, appellant filed a motion to quash the trial court's January 23, 1989 order as premature, which this court granted March 1, 1989.
*452 On April 7, 1989, the trial court rendered an order following this court's mandate on Gust II. That order reaffirms and adopts the trial court's January 23, 1989 order, however, once again, there are no attachments and no attachments appear in the record, i.e., the April 7, 1989 order appealed from does not have an attachment of the January 23, 1989 order which it adopts and neither the January 23 order nor its attachments appear in the record.
We consider the merits of this appeal, despite the lack of attachments in support of the trial court's April 7, 1989 order, to avoid visiting on appellant delays that he is powerless to avoid. We do so only because the portions of the record that the trial court relied upon are available to this court by virtue of the trial court's attempted compliance with the mandate in Gust II. See Mauldin v. State, 382 So.2d 844 (Fla. 1st DCA 1980) (in which the court declined to reverse for failure to attach a supporting record or file on the basis that it was able to obtain the record from appellant's prior appeal).
Section 790.001(13), Florida Statutes (1985), excludes "a common pocketknife" from its definition of "weapon." However, the validity of an armed robbery charge under section 812.13, Florida Statutes (1985), does not necessarily turn on whether the weapon used meets the definitional criteria of section 790.001(13). See Streetman v. State, 455 So.2d 1080 (Fla. 2d DCA 1984). We believe the definition of "weapon" most pertinent to an armed robbery charge is found in the Florida Standard Jury Instructions for armed robbery: "A `weapon' is legally defined to mean any object that could be used to cause death or inflict serious bodily harm." Florida Standard Jury Instructions in Criminal Cases, p. 156a (2d ed. 1989) (emphasis added). In Streetman the trial court determined that the fake plastic explosive used in the robbery could not be shown to be capable of causing death or great bodily harm, and thus entered judgment of acquittal as to the charge of robbery with a deadly weapon. However, it permitted the State to proceed with the case as to the lesser included offense of robbery with a weapon, declining to instruct the jury on the standard armed robbery jury instruction regarding the definition of "weapon", and instead instructed the jury on the definition of "weapon" as set forth in section 790.001(13). The Second District reversed appellant's judgment and sentence for robbery with a weapon because "[i]t appears clear that each of the devices enumerated in section 709.001(13) [sic] has the actual ability to cause death or inflict bodily harm ... [and] the composition of the bomb and its explosive characteristics was simply insufficient to permit the jury lawfully to conclude that the device possessed any capacity to inflict harm." Id. at 1082. The court continued, however, that
Florida courts have utilized the statutory definition of "weapon" provided in section 790.001(13) to determine whether a particular object constitutes a "weapon" for purposes of section 812.13(2)(b). See, e.g., Depasquale v. State, 438 So.2d 159, 160 (Fla. 2d DCA 1983); Hartman v. State, 403 So.2d 1030, 1031 (Fla. 4th DCA 1981); McCray v. State, 358 So.2d 615, 617 (Fla. 1st DCA 1978). Under this approach, a device used in the course of a robbery qualifies as a "weapon" only if it is either one of the objects specifically delineated in the statute or a "deadly weapon.
Id. at 1082. Further, in Hartman, supra, the court stated that the
[l]anguage in the introductory paragraph of Subsection 790.001 indicates that the meanings thereafter established shall apply "for the purposes of this chapter;" however, we do not consider that language to limit use of the definitions exclusively to chapter 790, particularly where common sense dictates that a definition set forth there may have perfectly reasonable application elsewhere.
Hartman, 403 So.2d at 1031. Thus, either the section 790.001(13) definition of "weapon" or the standard jury instruction definition may be relevant in the proper case.
In light of the foregoing, even if appellant only had a key-chain knife, the fact that such is excluded from "weapon" status *453 under section 790.001(13) does not, of itself, preclude a finding that he committed armed robbery, i.e., robbery with a weapon.
However, the factual allegations made in appellant's motion, on its face, raise questions concerning whether defense counsel effectively represented appellant by advising him to enter a plea under circumstances which, if the allegations are true, there may have existed no factual basis for the plea entered. We acknowledge at the outset that appellant did not argue in his motion that there was no factual basis for his plea to armed robbery. Nevertheless we do not consider his failure to so specify necessitates that relief be denied. Although 3.850(a)-(f) requires movants, inter alia, to inform the court of the nature of the relief sought and of the facts relied upon, the rule does not refer to arguments or their sufficiency. Pro se motions are traditionally "accorded liberal interpretation ... to effect justice and afford the [movant] ... the advantage denied him by his lack of legal training... ." Thomas v. State, 164 So.2d 857, fn. 1 (Fla. 2d DCA 1964). In considering motions for post conviction relief,
[t]he judge is not required to limit his decision on the first motion to the grounds narrowly alleged, or to deny the motion out-of-hand because the allegations are vague, conclusional, or inartistically expressed. He is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief.
Sanders v. United States, 373 U.S. 1, 22-24, 83 S.Ct. 1068, 1081, 10 L.Ed.2d 148 (1963). In Josey v. State, 301 So.2d 489 (Fla. 2d DCA 1974), the pro se 3.850 appellant alleged denial of compulsory process for witnesses and denial of a jury instruction on a lesser included offense. His motion was summarily denied. The district court reversed and remanded for an evidentiary hearing because "appellant may have been attempting to allege incompetence of counsel." Id. In Evans v. State, 539 So.2d 33 (Fla. 1st DCA 1989), we held that "[t]hough appellant's motion is arguably conclusory [sic] and borders on unintelligible, according the motion a liberal interpretation, we discern a marginally sufficient facial allegation  that appellant was mentally incompetent at the time of his plea and therefore his plea was involuntary." Similarly, we consider appellant's factual allegations here and, mindful of his lack of legal training, view them with an eye for the natural legal ramifications that stem therefrom.
If, as appellant contends, he informed his defense counsel that all he had used was a key-chain knife during the commission of the robbery, then an effective defense counsel would in our judgment have explored the matter further. In asserting ineffective assistance of counsel, appellant must show a specific omission or overt act which demonstrates prejudice "to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). More particularly, "[t]o prevail and set aside a nolo contendere or guilty plea alleging ineffectiveness of original trial counsel, a defendant must show that he, in fact, had a `viable' defense." Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988). If appellant's assertion in the case at bar is true, his attorney's failure to act on that information, i.e., ascertain the veracity of the assertion and its relevance, may have affected the outcome of the plea and sentence entered, by, among other things, precluding appellant's plea to a lesser offense. Ignoring the nature of the "arm" in recommending a nolo contendere plea to armed robbery would be markedly deficient conduct which, we consider, goes to the very heart of whether appellant's plea was made knowingly, intelligently and voluntarily. See generally Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). And, if appellant's assertion is true, he may have established a viable defense to armed robbery  that the object he carried could not have been used to cause death or serious bodily harm.
*454 Florida Rule of Criminal Procedure 3.172(a) requires trial judges, before accepting pleas of guilty or nolo contendere, to satisfy themselves that the plea is voluntary and that there is a factual basis for it. The rule further states that defense counsel and the prosecution shall assist the judge in this vital function. Generally, the rule "may be complied with by receiving evidence, testimony, a proffer of evidence, statements by counsel or the defendant, or reference to the record sufficient to satisfy the court that there is evidence to convict on each element of the charge." Williams v. State, 534 So.2d 929, 930 (Fla. 4th DCA 1988). If, however, the court fails to make a complete inquiry or to receive a complete proffer, its failure will not generally result in reversal without a corresponding showing of prejudice. Id. The trial court below denied appellant's post-conviction motions without a hearing and referred to his plea, waiver and consent form, and the plea and sentence transcript. Nothing in these items, however, discloses that the court satisfied itself that there was a factual basis for armed robbery.[1] What was developed at the plea and sentence hearing was that appellant said he understood the charges and desired to plead no contest to the charge of armed robbery with a deadly weapon and that he was otherwise satisfied with his defense counsel. There was no mention during the plea and sentence hearing relating to the nature of the weapon used in the robbery, and nothing is disclosed in the plea, waiver and consent form in this regard either. It does not appear from our review of the record that the trial court received evidence, or a statement from counsel or the defendant, or otherwise complied with its duty to satisfy itself that the plea was both voluntary and that there was a satisfactory basis for it. See Williams, supra. Indeed, the rule is well established "that a defendant should be allowed to withdraw a plea of guilty where the plea is based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea." Forbert v. State, 437 So.2d 1079, 1081 (Fla. 1983). See also Britt v. State, 352 So.2d 148, 149 (Fla. 2d DCA 1977). On the record before us we cannot conclude that the appellant was not prejudiced by the actions of his attorney.
Therefore, because the record, as we have divined it, does not conclusively refute the allegations contained in appellant's motion, e.g., Pate v. State, 547 So.2d 316 (Fla. 4th DCA 1989), we reverse and remand its summary denial and direct that further proceedings be conducted in accordance with Rule 3.850 to resolve the factual issue created by appellant's allegations. Roberts v. State, 537 So.2d 1079 (Fla. 1st DCA 1989) (where appellant's 3.850 motion created factual issues, summary denial was reversed and remanded for resolution either by attachment of the supporting record or by evidentiary hearing).
ERVIN, J., concurs.
NIMMONS, J., dissents, with opinion.
NIMMONS, Judge, dissenting.
In my view, this is a patently affirmable case.
First of all, the majority candidly admits that defendant's motion makes no contention that the trial court failed to elicit a factual basis for his plea. I strongly disagree that we should construct such a claim for him.
But even assuming that the defendant had made such an averment, the basis therefor would be the defendant's spurious contention that the alleged weapon was only a "key chain knife" which, according to the defendant, cannot be a weapon because it is equivalent to a "common pocket knife" and, as such, is excepted from the definition of "weapon" under Section 790.001(13), Florida Statutes. The problem with the defendant's contention is that Section 790.001(13)'s "common pocket knife" exemption from the definition of "weapon" has no application in an armed robbery *455 case under Section 812.13(2). In State v. Nixon, 295 So.2d 121 (Fla. 3rd DCA 1974), the Third District, in discussing Section 790.001(13), stated:
Obviously, the legislature, by excepting common pocket knives from the category of weapons, the carrying of which would be a crime, did so in order that the carrying of a common pocket knife by a citizen should not constitute a crime, in view of the general custom of people to carry such knives for convenience and useful purposes unrelated to any criminal intent or activity.
But that does not mean that a pocket knife cannot be a deadly weapon.
* * * * * *
It is common knowledge that in certain circles pocket knives are used by assailants with deadly weapon effect as frequently, if not more frequently than are firearms.
295 So.2d at 122.
In order to challenge a guilty or nolo contendere plea on the ground that the trial court failed to make a factual basis determination, a defendant must show "prejudice or manifest injustice." Williams v. State, 316 So.2d 267, 275 (Fla. 1975); State v. Kendrick, 336 So.2d 353, 355 (Fla. 1976); Fitzpatrick v. State, 414 So.2d 1121 (Fla. 1st DCA 1982). In this, the defendant has obviously failed. Unlike Kendrick, the defendant has never denied that he was in possession of the knife. The defendant's contention that the knife was the equivalent of an exempt Section 790.001(13) "common pocket knife" is unavailing for the reason mentioned above.
Further, I believe the majority's opinion is in error in holding that the defendant received ineffective assistance of counsel by reason of counsel's allowing the defendant to plead guilty or nolo contendere to armed robbery by use of a common pocket knife or key chain knife without "explor[ing] the matter further." In the first place, the motion fails to demonstrate that the knife was not a weapon. If we assume that the knife alleged in the information was a key chain knife or a common pocket knife as contended by the defendant and that the defendant informed his attorney that the knife was such, I say, "So what!" The fact that it may have been such a knife does not absolve the defendant of armed robbery. The burden of a defendant claiming the extraordinary right to relief based upon incompetent counsel must, of necessity, be a heavy one; else the remedy may be subjected to even greater abuse than it already is. The defendant's motion fails to allege an act or omission by counsel which could be regarded as a substantial and serious deficiency in the attorney's representation of the defendant. Likewise, the motion fails to demonstrate that the defendant was prejudiced. See Knight v. State, 394 So.2d 997 (Fla. 1981); Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
I fear that the majority's opinion will encourage even more meritless ineffective assistance of counsel claims in a system already overburdened with such claims.
I would affirm.
NOTES
[1] See generally Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982) (where the court remanded to correct the conviction of armed robbery to simple robbery because the appellant used a toy gun).