ERVIN, Judge,
dissenting.
In my judgment the majority’s decision affirming the order denying appellant’s motion to withdraw his previously entered plea of nolo contendere focuses far too much on the fact that appellant’s evidence indicated only that his condition did not meet the legal test of insanity at either the time of the offense or at the time of the entry of his plea. I consider that the inquiry should instead be on whether defense attorney’s failure to adequately investigate evidence of appellant’s abnormal mental condition, before advising him to enter his plea, vitiated either the voluntariness or the understanding of the plea. Thus, if appellant’s attorney failed to investigate a colorable defense of insanity, of which he was aware, and advised appellant to enter a plea of nolo notwithstanding, the only relevant inquiry, in my opinion, is whether appellant has thereby established good cause to have the plea set aside, not whether his defense would be legally sufficient for consideration by the jury.
Good cause has been held to have been sufficiently demonstrated in situations in which a defendant mistakenly enters a plea of guilty or nolo based upon the erroneous legal advice of his attorney. See, e.g., State v. Brown, 525 So.2d 454 (Fla. 1st DCA 1988) (withdrawal of guilty plea justified when counsel failed to advise defendant of certain options, i.e., his right to elect a guideline sentence); Banks v. State, 136 So.2d 25 (Fla. 1st DCA 1962) (withdrawal warranted when counsel advised defendant incorrectly that he would receive probation rather than imprisonment for his crime); Shell v. State, 501 So.2d 1334 (Fla. 2d DCA 1987) (withdrawal appropriate when defendant was induced to plead upon *325 by counsel’s mistaken advice); Trenary v. State, 453 So.2d 1132 (Fla. 2d DCA 1984) (good cause established for evidentiary hearing upon defendant’s contention that he entered nolo plea upon his attorney’s mistaken advice that he was eligible for sentencing as a youthful offender). All of the above cases stand for the proposition “that a defendant should be allowed to withdraw a plea ... where the plea was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea.” Forbert v. State, 437 So.2d 1079, 1081 (Fla.1983). Pertinent case law therefore appears to consider the “good cause” provision of Florida Rule of Criminal Procedure 3.170(f), pertaining to withdrawals of pleas of guilty, in pari materia with rule 3.170(j), relating to the trial courts’ responsibility in accepting pleas of nolo contendere or guilty.
In the case at bar, appellant testified at the hearing that his lawyer had not informed him of the availability of the insanity defense before the entry of his plea. Evidence of an abnormal mental condition is admissible to prove a defendant is unable to form the requisite specific intent, so long as the condition constitutes legal insanity. Chestnut v. State, 538 So.2d 820 (Fla.1989). Although the evidence presented below may not have strictly satisfied the M’Naghten test relating to a defendant’s ability to distinguish between right and wrong, it, in my judgment, certainly raised a colorable issue of the defendant’s sanity, and if trial counsel had conducted a proper investigation before arraignment, the investigation may have led to the reception of otherwise admissible, relevant evidence at trial relating to the issue.
There was clearly some evidence before the lower court at the evidentiary hearing which substantiated appellant’s testimony that he was unaware of what had occurred at the time of the offenses. Although Nell Corry, a psychotherapist, who treated Lines in October and November of 1990, did not explicitly state that the defendant met the legal test of insanity during her testimony at the hearing, she did state that Lines suffered from manic depression (bipolar disorder), which is characterized by, among other things, unpredictable behavior, absence of normal controls, and lack of awareness of what is happening. She also opined that Lines was probably in a manic or depressive state when he committed the offenses, unless he was medicated or in treatment at the time. Lines testified that he had been taken off lithium in 1987, and it does not appear from the record that he was in treatment at the time of the offenses. Moreover he stated that he did not remember most of the incidents leading to his convictions.
The majority relies upon the Florida Supreme Court’s decision in Holmes v. State, 374 So.2d 944 (Fla.1979), cert, denied, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980), in concluding that the trial court correctly determined that appellant was entitled to no relief on the ground that his mental condition did not meet the legal test of insanity. The facts in Holmes, however, are altogether dissimilar from those in the present case. In Holmes, defense counsel had arranged for a psychiatrist to examine the defendant immediately following indictment for the specific purpose of determining the applicability of the insanity defense. The psychiatric examination, which was conducted before Holmes’ plea was entered, disclosed that defendant’s mental condition did not meet the legal test of insanity. Thus, when Holmes pled guilty to the offense charged, he had already been examined by a psychiatrist who stated that Holmes was then legally sane. As a consequence, there was no deficient omission by trial counsel that adversely affected Holmes’ understanding of his plea. In the case at bar, Lines’ attorneys did not arrange for such examination before his arraignment.
Trial counsel’s deficient conduct in failing to advise appellant of the defense of insanity before the entry of the plea is the type of omission addressed in Knight v. State, 394 So.2d 997, 1001 (Fla.1981), relating to a determination of whether an attorney could be deemed ineffective. Because, however, the instant case is a direct appeal from an order denying a motion to with *326 draw a defendant’s plea, the Knight standard of review, applicable to motions to vacate sentences on the ground of ineffective assistance of counsel, does not govern the present appeal. The correct standard is whether the record demonstrates that the defendant’s plea was entered voluntarily or intelligently. Williams v. State, 316 So.2d 267 (Fla.1979).
In Williams, the Florida Supreme Court observed, relating to the requirement, provided in Florida Rule of Criminal Procedure 3.170(j), that there be a factual basis in the record for the plea entered: “We do concede that if the defendant claims a defense during the course of the guilty plea proceeding, e.g., lack of criminal intent or self-defense, the plea is subject to attack unless the defendant specifically and understandingly waives that defense.” Id. at 273. This standard moreover does not appear as stringent as that placed upon a defendant in order to establish ineffective assistance of counsel: That he or she show that defense attorney’s omission amounted to a serious deficiency measurably below that of competent counsel which was substantial enough to demonstrate prejudice to the defendant, and that there was a substantial likelihood that such deficient conduct affected the outcome of the court proceedings. Knight, 394 So.2d at 1001.
Although the two standards are clearly dissimilar, case law involving ineffective assistance of counsel claims is of benefit to claims, such as that at bar, pertaining to whether a defendant entered his plea voluntarily and intelligently to the offense charged. For example, in Gust v. State, 558 So.2d 450 (Fla. 1st DCA 1990), a defendant moved to vacate his sentence, seeking to withdraw his plea of nolo contendere to the offense of committing a robbery with a weapon, contending that he had informed his defense counsel before the entry of his plea that the only weapon he had used during the robbery was a key-chain knife. In reversing the summary denial of the defendant’s motion to vacate sentence, we noted that if the defendant had so informed his attorney, an effective defense counsel would have explored the matter further to determine whether the defendant had a viable defense to the offense of armed robbery, because the object he used might not be considered a weapon, as required by Section 812.13(2)(b), Florida Statutes (1985). In reversing, this court made the following pertinent comments:
If appellant’s assertion in the case at bar is true, his attorney’s failure to act on that information, i.e., ascertain the veracity of the assertion and its relevance, may have affected the outcome of the plea and sentence entered, by, among other things, precluding appellant’s plea to a lesser offense. Ignoring the nature of the “arm” in recommending a nolo contendere plea to armed robbery would be markedly deficient conduct which, we consider, goes to the very heart of whether appellant’s plea was made knowingly, intelligently and voluntarily.
Gust, 558 So.2d at 453. Similarly, in the case at bar, by ignoring the potential nature of an insanity defense and recommending instead a nolo contendere plea, trial counsel’s performance undermined the requirement that appellant’s plea be made knowingly, intelligently and voluntarily.
I would therefore reverse the order of denial and remand the case with directions for the appellant to be allowed to withdraw his plea and proceed to trial on the merits.