620 So.2d 1122 (1993)
Jimmy Joe BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4282.
District Court of Appeal of Florida, First District.
July 2, 1993.
Jimmy Joe Baker, pro se.
No appearance for appellee.
PER CURIAM.
Jimmy Joe Baker has appealed from an order of the trial court, entered on remand in Baker v. State, 569 So.2d 1383 (Fla. 1st DCA 1990), summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand for further proceedings.
On October 16, 1989, Baker pled guilty to kidnapping with a firearm, armed robbery with a firearm, and possession of a firearm by a convicted felon. He signed a written "plea, waiver and consent" form, on which he indicated satisfaction with his counsel. As the factual basis for the plea, the form indicated that it was a "plea of convenience."
On April 20, 1990, Baker filed a 3.850 motion alleging: 1) ineffective assistance of counsel in urging a plea despite Baker's insistence that he was not guilty; 2) denial of the right to appeal, i.e., despite Baker's *1123 assertion that he had not had a gun, the court accepted his plea, foreclosing his right to appeal his guilt or innocence; and 3) denial of the right to represent himself. The trial court denied the motion by order of April 26, 1990, finding it refuted by portions of the files and records, but failing to attach those portions. Baker appealed, and this court reversed and remanded for either an evidentiary hearing, or attachment of relevant portions of the record. Baker v. State, 569 So.2d 1383 (Fla. 1st DCA 1990).
On October 11, 1991, the trial court entered the instant order on remand. It again summarily denied the motion, attaching the "plea, waiver and consent" form described above. This court found that the motion was correctly denied as to ground 3). However, it determined that the gravamen of the remaining allegations was that the trial court had accepted Baker's plea without determining a factual basis therefor, i.e., that a gun was used. See Rule 3.172(a), Fla.R.Crim.P. (before accepting a plea of guilty, the trial judge shall be satisfied that there is a factual basis for the plea).
Finding that the plea form did not refute Baker's argument, the court requested a response from the Attorney General's office pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). The order specifically directed the response to Koenig v. State, 597 So.2d 256 (Fla. 1992) (prior to accepting a plea, the trial court must receive factual information establishing the offense), and Gust v. State, 558 So.2d 450 (Fla. 1st DCA 1990) (an allegation of ineffective assistance by advising a plea where there may have been no factual basis is not refuted by attachments which do not show that the court satisfied itself as to a factual basis). The state's response did not address these cases, but simply maintained that the plea form refuted the allegations of the motion. We disagree.
In Gust, appellant pled guilty to armed robbery. He later filed a 3.850 motion alleging ineffective assistance of counsel, in that counsel should have known that the object used in the robbery (a pocketknife) would not support the charge. The trial court denied the motion, attaching a transcript of the plea hearing and a written plea form. On appeal, this court held that Gust's allegation, if true, raised a question as to whether counsel effectively represented him by advising a plea under circumstances where there may have existed no factual basis. The court found nothing in the trial court's attachments showing that it had satisfied itself of a factual basis for Gust's plea.
Similarly, Baker alleges that his counsel was ineffective in urging the plea despite Baker's insistence that he was "not guilty." Coupled with Baker's allegation that his plea was accepted despite his assertion that he had not had a gun, the motion parallels that filed in Gust. As in Gust, nothing in the plea form attached by the trial court shows that the court satisfied itself, before accepting Baker's plea, that there was a factual basis for the charges against him. The state does not respond to this argument. We therefore reverse, and remand for either an evidentiary hearing, or for entry of an order attaching those portions of the files and records showing that the trial court satisfied itself that there was a factual basis for Baker's plea.
Reversed and remanded with directions.
BOOTH, JOANOS and BARFIELD, JJ., concur.