638 So.2d 1008 (1994)
Timothy COLDING, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01141.
District Court of Appeal of Florida, Second District.
June 15, 1994.
PER CURIAM.
Timothy Wayne Colding appeals the trial court's summary denial of his motion for postconviction relief. We hold that, on its face, Colding's motion presents a question of whether he was adequately represented by trial counsel. It is asserted that Colding was persuaded by his counsel to enter a plea of guilty when there existed no factual basis to support the plea. We reverse and remand.
In his motion, Colding states that he informed counsel of his innocence. Allegedly, counsel indicated he believed that Colding did not commit the sexual battery as charged. However, counsel insisted that it was in Colding's best interest to accept the negotiated agreement and to plead guilty. The plea agreement was altered at the plea hearing. The typed statement acknowledging guilt has been stricken and a handwritten notation states that the plea of guilty was entered as it was "in [Colding's] best interest to do so."
A review of the transcripts of the plea colloquy and sentencing hearings reveal that Colding did not admit committing the sexual battery. Defense counsel did not stipulate to a factual basis for the plea and the state did not present any testimony concerning the charges. The portions of the record attached to the trial court's order do not demonstrate that the court questioned whether a factual basis existed for the plea entered.
Florida Rules of Criminal Procedure 3.172(a) requires that before the court accepts a plea, it must satisfy itself that the plea is voluntary and that a factual basis exists for the plea. Generally, the failure of the court to make a complete inquiry, or to receive a complete proffer concerning the factual basis for the plea will not result in reversal without a corresponding showing of *1009 prejudice. Gust v. State, 558 So.2d 450, 454 (Fla. 1st DCA 1990). When no evidence is presented, nor testimony given to the court for it to comply with the duty to satisfy itself that the plea was voluntary, the burden to show prejudice by counsel's actions is met. Gust, 558 So.2d at 454; see Baker v. State, 620 So.2d 1122 (Fla. 1st DCA 1993).
We reverse and remand this matter to the trial court to conduct an evidentiary hearing in accordance with this opinion; or in the alternative, to attach those portions of the record demonstrating that the court satisfied itself that a factual basis exists for the plea. In all other respects the order denying the motion for postconviction relief is affirmed.
Reversed and remanded.
RYDER, A.C.J., and HALL and PATTERSON, JJ., concur.