PER CURIAM.
Appellant, Gabriel Hill (Hill), appeals the summary denial of his Rule 3.850 motion for post-conviction relief. We affirm in part and reverse in part.
Hill was indicted on two counts of armed robbery and five counts of armed kidnapping. In exchange for his guilty plea, Hill accepted the State’s offer of a ten year sentence with a three year minimum mandatory. During the plea colloquy, defense counsel conceded that the facts relied upon by the State were sufficient to establish a prima facie case. The trial court determined that Hill voluntarily entered into the plea, and adjudicated Hill guilty as charged.
Hill contends first that his counsel misled him into believing that he would serve only three years of his ten year sentence. Hill alleges he would not have pled guilty had he realized that he might have to serve more time.
Hill’s claim, however, is refuted by the plea colloquy and the written plea agreement, in which Hill stated that he was not promised anything other than the State’s offer and counsel did not contradict his statement. Without additional evidence to support his contention, Hill may not now claim that he was misinformed as to the length of his sentence. See Costello v. State, 260 So.2d 198 (Fla.1972); Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992). Accordingly, the trial court properly rejected this claim without an evidentiary hearing.
Hill next asserts that his counsel failed to .properly investigate the facts surrounding the armed kidnapping charges and failed to adequately advise him of the law regarding a kidnapping during a robbery. Hill maintains that the underlying facts of his case do not support his armed kidnapping convictions. During the robbery, Hill and the other alleged robbers forced the victims to lie down on the floor before they made .their escape.
To determine whether the movement or confinement of victims during a robbery is sufficient to support an additional conviction for kidnapping, the facts of a case must fulfill the three-prong test of Faison v. State, 426 So.2d 963 (Fla.1983). Under Faison, for a kidnapping conviction to stand, the resulting movement or confinement: (a) must not be slight, inconsequential, and merely incidental to the other offense; (b) must not be of the kind inherent in the nature of the other offense; and (c) must have some significance independent of the other offense, in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection. Id. at 965.
If Hill’s contention is true that the movement or confinement of the victims was slight, inconsequential and merely incidental to the robbery, there may have existed no factual basis for the plea entered on the armed kidnapping charges. Therefore, as the State has conceded, Hill’s claims appear to be facially sufficient and they are not conclusively refuted by the record. See Gust v. State, 558 So.2d 450 (Fla. 1st DCA 1990). *798 Thus, the trial court erred in summarily denying these claims, and the case must be remanded for further proceedings pursuant to Rule 3.850.
Finally, Hill asserts that the trial court erred in accepting his plea where there were insufficient facts to support the armed kidnapping convictions. In order to withdraw a guilty plea after sentencing because the trial court failed to determine whether there was a factual basis for the plea, the defendant must prove manifest injustice. Grant v. State, 316 So.2d 282 (Fla.1975); Suarez v. State, 616 So.2d 1067 (Fla. 3d DCA 1993). Manifest injustice may be proved by showing that the defendant was denied effective assistance of counsel. Williams v. State, 316 So.2d 267 (Fla.1975).
As the State has conceded, this claim also should not have been summarily denied. Because we remand Hill’s ineffective assistance of counsel claims, we must also remand his resulting claim of manifest injustice. See Gust, 558 So.2d at 454.
In conclusion, we affirm the trial court’s denial of Hill’s claim that counsel misled him regarding the time he was to serve. See Roberts v. State, 568 So.2d 1255 (Fla.1990). However, we reverse and remand for an evidentiary hearing under Rule 3.850 to examine Hill’s remaining claims.
Affirmed in part; reversed in part.