PER CURIAM.
Kenneth Peterson appeals the trial court’s denial of his Rule 3.850 motion alleging that trial counsel affirmatively misinformed him that he would serve only ten months of the ten-year sentence imposed on his plea of guilty to violation of probation. We reverse and remand for further proceedings.
Mr. Peterson appeared on November 4, 1993, after his arrest on charges of violating conditions of probation requiring that he maintain stable employment and that he pay certain fees and costs. Appellant attempted to enter an uncounselled guilty plea, at which time the state announced its intention to seek a ten-year sentence: “He has already done four-and-a-half. With the ten years, it will be brought down to — he has quite a bit of time incarcerated. Probably anything less than that and he won’t do any time at all.” The trial court then directed Mr. Peterson to discuss the matter with counsel appointed at the hearing; there was a break in the proceedings of some duration while this meeting occurred.
Once back on the record, appellant announced his intention to admit the violation of probation with the understanding that a ten-year prison sentence would be imposed by the trial court, with credit given for prior prison time and county jail time. It is apparent from the transcript that the issue of credit for time served was a central part of the off-the-record discussion.[1] The record does not, as appellant alleged, include any assurance by the trial court that appellant would actually serve only ten months. Without an evidentiary hearing, exactly what transpired off the record is a matter of speculation. It is not inconceivable that the trial court was involved in an off-the-record discussion that appellant believed was of record.[2] Clearly the length of defendant’s sentence was discussed in the courtroom and was the subject of an unreported conference with newly appointed counsel.
Nothing in the record refutes appellant’s claim that defense counsel affirmatively informed him that he would serve no more than ten months on the ten-year sentence. Affirmative misinformation supplied by trial counsel as to the actual time to be served on a sentence is a facially sufficient *602 claim under Rule 3.850. See Williams v. State, 654 So.2d 1309 (Fla. 1st DCA 1995). The plea colloquy in this case consisted of the trial court asking the defendant if he wished to admit the probation violation with the understanding that a ten-year sentence would be imposed; the court did not inquire whether any promises had been made to induce the plea. See Hill v. State, 642 So.2d 796, 797 (Fla. 3d DCA 1994). Mr. Peterson’s allegation that he was misinformed concerning how long he would actually be incarcerated is not conclusively refuted by the record.
Accordingly, we reverse and remand for attachment of record refutation of appellant’s allegations or for an evidentiary hearing.
BOOTH and BENTON, JJ., concur.
WOLF, J., concurs with opinion.

. The pronouncement of sentence went as follows:
It will be the sentence of the law and the judgment of the Court that you be sent to the Department of Corrections for a period of ten years; that you be given credit for all the time that you served in the Calhoun County jail both before going to prison the first time and after you have been back and all the time that you served in the Department of Corrections.
Ms. Clerk, you need to look at that form. There is a form that — you can give him day for day the time that he served here in our jail. You need to see how much he served prior to going, how much time he has been in jail since he has been back, and then there is a place to check saying — you don't give him — there is another place on that form that just relates to time served in the DOC. They will have to compute that time down there. Okay.
How long have you been incarcerated since you have been here?
THE DEFENDANT: This time? Two days. Yesterday.
THE COURT: Okay.
THE COURT: He is going to get time before — I mean, be sure that he gets credit — get with Lori and make sure he gets credit for every day he served in the jail.
THE DEFENDANT: And the Department of Corrections, full credit.

. The judge who arraigned appellant, accepted the plea, and imposed sentence was not the same judge who denied the motion for postconviction relief.