PER CURIAM.
The appellant challenges an order by which his Florida Rule of Criminal Procedure 3.850 motion was summarily denied. We reverse the order in part because the appellant stated facially sufficient claims which were not refuted by attachments to the order.
The appellant entered a plea of guilty to robbery and armed robbery and was convicted of those offenses. He presented various claims of ineffective assistance of trial coun *989 sel in his motion for post-conviction relief, and he alleged that he would not have pled-guilty but for his attorney’s ineffectiveness. His allegations regarding his counsel’s failure to investigate and inform him of the availability of duress and voluntary intoxication defenses were facially sufficient. See Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992). And his claim that his trial counsel was ineffective in allowing him to plead to a crime for which there was no evidentiary basis was likewise facially sufficient. See Baker v. State, 620 So.2d 1122 (Fla. 1st DCA 1993); Hall v. State, 603 So.2d 650 (Fla. 1st DCA 1992). But his remaining claims were not facially sufficient.
Accordingly, the order is affirmed in part and reversed in part and the case is remanded for an evidentiary hearing or for the trial court to attach portions of the record refuting the appellant’s facially sufficient claims.
MINER, ALLEN and MICKLE, JJ., concur.