MICKLE, Judge.
John Randall Hudson appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without discussion, the denial of relief as to grounds 1, 2, 3, 4, 6, 7, 8, and 9. However, because the record fails to show conclusively that Hudson is entitled to no relief under ground 5, we reverse.
Hudson executed a written plea form whereby he agreed to enter a plea of guilty to second-degree murder in return for a 40-year sentence. Prior to the plea hearing, he handwrote a letter to the lower court requesting that he be allowed to withdraw his plea. As grounds, he alleged primarily that he did not commit the charged offense and that he was coerced by defense counsel into *605 entering Ms plea. The record does not reflect whether the trial court considered the pro se motion. Subsequently, Hudson entered Ms plea and was convicted of second-degree murder and was sentenced to 40 years in prison, with a 3-year minimum mandatory. The record does not contain a transcript of the plea colloquy or the sentencing hearing.
Hudson timély filed the instant motion alleging, under ground 5, that defense counsel coerced him into entering a plea of guilty where there existed no factual basis to support the plea. He also alleged, under a separate ground, that he was improperly sentenced for possession of a firearm where in fact he was not in possession of the firearm employed in the murder. The trial court demed the motion on the basis that the execution of the written plea agreement waived any claim of ineffective assistance of counsel.
Florida Rule of Criminal Procedure 3.172(a) requires that before the court accepts a plea, it must satisfy itself that the plea is voluntary and that a factual basis exists for the plea. We construe Hudson’s allegations as sufficient to raise a question concerning whether defense counsel effectively represented him by advising him to enter a plea under circumstances where, if the allegations are true, there may have existed no factual basis for the plea. See Colding v. State, 638 So.2d 1008 (Fla. 2d DCA 1994). Although the lower court attached the written plea agreement, this document contains no language addressing the factual basis of the plea and is, therefore, insufficient to support summary demal on the facts of this ease. We find nothing in the record to indicate that the lower court satisfied itself that a factual basis existed for Hudson’s plea. See Baker v. State, 620 So.2d 1122 (Fla. 1st DCA 1993); Gust v. State, 558 So.2d 450 (Fla. 1st DCA 1990). Accordingly, we reverse and remand with instructions either to supplement the attachments to the order of demal with a copy of that portion of the plea colloquy wherein the lower court addressed the factual basis of the plea, and any other record excerpts supporting demal, or to hold an evidentiary hearing on tMs claim for relief.
AFFIRMED in part; REVERSED in part, and REMANDED with directions.
LAWRENCE, J., concurs.
WEBSTER, J., concurs in part and dissents in part with written opinion.