BENTON, J.,
concurring in part and dissenting in part.
On pleas of guilty, Douglas John Patak was convicted of one count of robbery and five counts of kidnapping. We now review the order denying the motion he filed under Florida Rule of Criminal Procedure 3.850 alleging that, while he was guilty of robbery, he did not commit kidnapping; and that his trial counsel was ineffective for advising him that what he did constituted kidnapping and for advising him to accept the state’s plea offer, despite his actual innocence of those charges. The motion alleges that he would not have entered guilty pleas to the kidnapping charges if counsel had not erroneously advised him that none of the kidnapping charges was defensible.
In my judgment, as to the “kidnapping by pepper spray” counts only, the motion states a facially sufficient claim of ineffective assistance of counsel that was not conclusively refuted by attachments to the order under review. See Hill v. State, 642 So.2d 796, 797 (Fla. 3d DCA 1994) (“If [the defendant’s] contention is true that the movement or confinement of the victims was slight, inconsequential and merely incidental to the robbery, there may have existed no factual basis for the plea entered on the armed kidnapping charges.”); Gust v. State, 558 So.2d 450, 453 (Fla. 1st DCA 1990). While I concur in affirming the denial of the motion otherwise, I would reverse and remand for further proceedings on the claim of ineffective assistance of counsel as to the “kidnapping by pepper spray” counts.