ROTHENBERG, Judge.
Bernard Carter, the defendant below, appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, alleging several claims of ineffective assistance of counsel. As we conclude that the defendant’s claims are refuted by the record or without merit, we affirm.
On February 9, 2001, the defendant entered into a negotiated plea with the State wherein he pled guilty to three counts of sale of cocaine and one count of possession of cocaine in case numbers: 00-319, 00-320, 00-321, and 00-328, and admitted to violating his probation in case number 99-30046. The defendant’s negotiated plea included various obligations associated with the substantial assistance agreement he entered into. One of the conditions of his plea was that he appear for sentencing on May 11, 2001. The plea agreement provided for specific penalties if he failed to appear for sentencing or failed to comply with any of the other conditions of his plea.
When the defendant failed to appear for sentencing, a warrant was issued for his arrest. On October 4, 2001, the defendant filed a motion to vacate his plea, which was denied by the trial court on February 8, *585 2002, after a lengthy hearing. On March 11, 2002, the defendant was sentenced to twenty years as an habitual offender as to each count of sale of cocaine, five years for possession of cocaine, and fifteen years for violation of his probation based upon the trial court’s findings that he violated the conditions of his plea by failing to contact the Department of Corrections upon his release from custody, failing to contact the narcotics detective he was required to contact and work with, failing to appear for sentencing, failing to provide substantial assistance, and by violating the law by selling cocaine to an undercover officer, a fact which was video-recorded.
On February 12, 2003, this court affirmed the judgments and sentences imposed. Thereafter, the defendant filed the instant motion for postconviction relief which was denied by the trial court and is the subject of this appeal.
The defendant claims he was mi-sadvised by his trial attorney as to the maximum sentence he faced pursuant to his plea. This claim is refuted by the record. In each of the plea agreements the defendant signed, he was specifically informed of the maximum sentences he was facing (thirty years as an habitual offender on each sale and five years for possession). Additionally, in each of the agreements the defendant signed, it stated that the defendant had read each and every word of the agreement, had discussed it with his attorney, and fully understood its provisions. The plea colloquy additionally reflects that the defendant admitted going over the forms with his attorney and that his attorney had not made any representations other than what was contained in the agreements.
The defendant also claims that his attorney failed to advise him of what he must do to meet the requirements of his plea. We find this claim to be equally without merit, as the written plea agreement and plea colloquy include the conditions the defendant specifically violated. He was, therefore, informed of the requirements he failed to comply with, and cannot demonstrate any prejudice.
We conclude that the remaining claims were also properly denied as they were either without merit or the defendant failed to demonstrate or even allege prejudice. See United, States v. Novaton, 271 F.3d 968, 1010-1011 (11th Cir.2001), cert. denied, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002); Herring v. State, 730 So.2d 1264, 1267 (Fla.1998), cert. denied, 527 U.S. 1003, 119 S.Ct. 2337, 144 L.Ed.2d 235 (1999); Williams v. State, 534 So.2d 929 (Fla. 4th DCA 1988).
Affirmed.